## Smith, Appellant, *v.* Cassida.

Argued March 13, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Robert W. Lewis,* for appellant.

*Lee E. Whitmire, Jr.,* with him *Whitmire and Mannix,* for appellee.

OPINION BY MR. JUSTICE EAGEN, April 17, 1961:

In an attachment execution proceeding, the lower court entered judgment on the pleadings for the defendant-garnishee. The plaintiff, Howard Smith, appeals. The decisional issue involves the legal interpretation of the limit of liability provisions of an automobile liability insurance contract.

The defendant, Carl E. Cassida, while driving his automobile negligently, caused a collision resulting in serious personal injury to the plaintiff, Mary Smith, minor personal injuries to her husband, Howard Smith, and property damage to the latter's automobile. An

action in trespass resulted in a jury verdict in favor of the plaintiffs. The specific monetary awards were as follows: (1) Mary Smith, wife-plaintiff, for her injuries, $12,500; (2) Howard Smith, husband-plaintiff, to cover the cost of medical care and loss of services caused by the wife's injuries, $12,000; and, (3) Howard Smith for his own personal injuries and for damage to the automobile, $500.

Cassida carried a liability insurance policy on his automobile with the defendant-garnishee insurance company providing for a $10,000 and $20,000 limit. The insurance company paid to the plaintiff, Mary Smith, the sum of $10,000 in full settlement of her judgment; and offered to pay the plaintiff, Howard Smith, the sum of $500 plus accrued record costs, in full discharge of its liability under the policy. This was refused.

The policy concerned provided the following coverage: "1. Coverages: . . . C. To pay all sums which those entitled to protection become legally obligated to pay as damages arising out of the ownership, maintenance or use, including loading and unloading of the described automobile because of: (1) Destruction or damage of property including loss of use thereof; (2) Bodily injury, sickness, disease or death of any person except for liability under any Workmen's Compensation law . . ."

"2. Conditions: . . . 4. Limits of Liability Coverage C (2): *The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the Company's liability for all damages sustained by one person in any one occurrence.* The limit of such liability stated in the declarations as applicable to 'each occurrence' is, subject to the above provisions respecting each person, the total limit of the Company's liability for all damages sustained by two or more persons in any one occurrence. *Such limits of liability for all damages include damages for care and loss of serv-*

*ices arising out of bodily injury, sickness or disease, including death at any time resulting therefrom."*[1]

The declarations attached to the policy state, "Bodily Injury Liability $10,000.00 each person, $20,000.00 each occurrence."

The plaintiff urges that the controlling question is to whom the damage was done, not the nature of the damage. He contends that two persons incurred damage as a result of the occurrence; that the insurance carrier is obliged to pay for "all damage" sustained by the two persons up to the specified limit. In other words, that the elements for which the wife-plaintiff may recover in her own right for the injuries she suffered are those covered by the limitation to one person, and that the consequential damages suffered by her husband which arise out of the same injuries, are separately covered under the clause providing additional insurance up to a maximum of $20,000 for each occurrence.

The insurance company, garnishee, by way of defense contends that under the policy the limit of liability for injury to one person and all damages resulting therefrom, be they direct or consequential, is $10,-000. The lower court agreed with this contention.

To us, the pertinent language of the policy is clear that the liability limit intended for bodily injury to one person covered all damages flowing from that one individual's injuries, including the cost of care and the loss resulting from disability. The recoverable damages, direct and consequential, are essentially due to the bodily injury of one person. They may not be broken up in order to increase the liability limit provided for. The limit of liability applies to the person injured and not to the person suffering loss. Any other construction would completely annihilate that language of the

---

[1] Emphasis throughout, ours.

policy, which reads, "Such limits of liability for all damages includes damages for care and loss of services arising out of bodily injury, sickness or disease." In addition, the "Declarations" which are part of the policy, expressly provide that the limit of liability for "bodily injury" for "each person" is $10,000. In the body of the policy, it is also stated that the "limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for *all damages* sustained by one person."

The policy, like every other contract, must be read in its entirety and the intent gathered from a consideration of the entire instrument: *Newman v. Mass. Bonding & Ins. Co.,* 361 Pa. 587, 65 A. 2d 417 (1949). It cannot be construed to mean otherwise than what it clearly says: *Judge v. Prudential Insurance Co.,* 321 Pa. 454, 184 Atl. 543 (1936).

Similar language in other insurance contracts has been frequently interpreted and the construction urged by the plaintiff-appellant rejected. See *Bernat v. Socke,* 180 Pa. Superior Ct. 512, 118 A. 2d 253 (1955) ; *New Amsterdam Casualty Co. v. Hart,* 153 Fla. 840, 16 So. 2d 118 (1943) ; *Perkins v. Fireman's Fund Indemnity Co.,* 44 Cal. App. 2d 427, 112 P. 2d 670 (1941) ; *Yancey v. Utilities Ins. Co.,* 23 Tenn. App. 663, 137 S.W. 2d 318 (1939) ; *Wilson v. Capital Fire Ins. Co.,* 136 Neb. 435, 286 N.W. 331 (1939) ; *Pastucha v. Roth,* 290 Mich. 1, 287 N.W. 355 (1939) ; *Klein v. Employers' Liability Assur. Corp.,* 9 Ohio App. 241 (1918) ; *Brustein v. New Amsterdam Casualty Co.,* 255 N.Y. 137, 174 N.E. 304 (1931) ; *Rankin v. Travelers Ins. Co.,* 3 N.Y.S. 2d 444 (1938) ; *In Re Employers' Liability Assur. Corp.,* 180 La. 406, 156 So. 447 (1934) ; also, 150 A.L.R. 1154.

Judgment affirmed.