Kroiz *v.* Blumenfeld et al., Appellants.

Submitted March 19, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*A. Jay Molluso,* and *Techner, Rubin & Shapiro,* for appellants.

*Irwin S. Lasky,* for appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

This is an appeal from the Order of the court below granting the plaintiff-appellee's motion for a judgment on the pleadings. The facts as disclosed by the pleadings may be summarized as follows:

The appellee (hereinafter, Kroiz) was a subcontractor of the appellants, and agreed to install hardwood floors at the appellants' apartment complex. The subcontract provided that Kroiz would be liable for materials furnished in connection with the installation of the floors. In October of 1967, the Cromar Corporation, a materials supplier, instituted suit against appellants for goods supplied.

Appellants filed a complaint against Kroiz as an additional defendant, alleging that Kroiz was solely liable to Cromar by virtue of the subcontract. At the time, appellants still owed money to Kroiz under the subcontract. Appellants and Kroiz, therefore, entered into an agreement providing that all money due Kroiz would be paid, reserving $7,000.00 in an escrow account pending the outcome of the Cromar litigation. It is agreed that a letter of March 19, 1968 from appellant's counsel to Kroiz contained the agreement of the parties. That letter read as follows:

"I reviewed the contents of your letter of February 9, 1968 with my client, Jack W. Blumenfeld, in his individual capacity and in his capacity as an officer of Henry Avenue Bldg. Corp. As you are aware, the Cromar Co. instituted suit against Mr. Blumenfeld individually for $6,736.55 plus interest and costs. You are, I am sure, aware of the litigation involved in that suit.

"Your client has agreed that Henry Avenue Bldg. Corp. shall withhold enough money to cover either itself or Mr. Blumenfeld pending the outcome of the litigation. I feel that that should be $7,000. Our client is agreeable to paying at this time the sum due under the contract in excess of $7,000.00.

"You have agreed on behalf of your client that Kroiz Bros. will not institute suit against either Henry Avenue Bldg. Corp. or Jack W. Blumenfeld pending the outcome of the Cromar litigation. In the event Jack W. Blumenfeld is found by the Court to be liable to the

Cromar Co. as a result of the existing litigation, then he shall pay or Henry Avenue Bldg. Corp. shall pay the amount of such judgment plus interest and costs out of the $7,000.00. Any sum remaining shall be paid to Kroiz Bros. If the judgment plus interest and costs exceeds $7,000.00 then your client agreed to pay the same immediately.

"If any part of the $7,000.00 must be paid to Cromar, then the claim of Kroiz against Henry Avenue Bldg. Corp. or Blumenfeld is accordingly reduced...."

In the case of Cromar versus Blumenfeld, the jury returned a verdict in favor of Cromar against Kroiz in the amount of $6,736.55, and in favor of Blumenfeld against Cromar. Subsequently, Kroiz demanded payment of $7,000.00 in escrow, alleging that by virtue of the judgment in favor of Blumenfeld, the money was due Kroiz under the agreement. The demand was refused and the present suit was instituted by Kroiz.

The standards for determining whether a judgment on the pleadings should be allowed are clear. Only the complaint, answer, and new matter may be considered. All of the opposing party's well pleaded *facts* must be accepted as true. *Bata v. Central Penn National Bank,* 423 Pa. 373, 224 A. 2d 174 (1966); *Herman v. Stern,* 419 Pa. 272, 213 A. 2d 594 (1965). A judgment on the pleadings should be granted only when a case is free from doubt and a trial would be a fruitless exercise. *Blumer v. Dorfman,* 447 Pa. 131, 289 A. 2d 463 (1972). Applying these standards to the instant case, we believe that the court below correctly entered judgment in favor of the appellee.

Appellants argue that the escrow agreement quoted above was intended to withhold sufficient funds from Kroiz for the payment of any and all judgments entered in favor of Cromar and against appellants. Specifically, appellants contend that the escrow fund should be withheld pending the outcome of a subsequent suit

filed by the president of Cromar against appellants for monies advanced by him for goods ordered by appellants from Cromar.

Appellants have not, however, pleaded any facts in support of their interpretation of the scope of the agreement. Appellant agrees that the March 18, 1968 letter contains the full understanding of the parties with respect to the escrow account. That agreement provided for the withholding of funds "pending the outcome of the Cromar litigation." The agreement referred only to the "existing litigation" and made no mention of future lawsuits. Absent some factual allegation to support a different interpretation of the agreement, the only issue properly before the court was whether the fund was being improperly withheld under the terms of that agreement. The terms of the escrow arrangement are clear: payment was due the appellee in the event of a judgment in favor of the appellant in the first Cromar litigation. Under these circumstances, the court below properly entered judgment in favor of the appellee.

Judgment affirmed.