## Steingrabe Estate

*P. Raymond Bartholomew,* for petitioner
*William Kuhn,* for guardian.

ACKER, *J.,* February 24, 1976 — This court has for determination a motion for judgment on the pleadings in the above captioned estate. The pleadings referred to are a petition to set aside absolute confirmation of a first and final account. The petitioner was thirteen years of age when a settlement was achieved in the amount of $3,000 of a law suit filed at No. 66 March Term, 1967, Civil Division, Court of Common Pleas of Mercer

County. The Northwest Pennsylvania Bank and Trust Company was appointed guardian and set about to administer the $3,000 estate between that date and the present. On October 29, 1972, the petitioner was on active duty with the United States Army stationed at Fort Jackson, South Carolina, and at Fort Sam Houston, Texas until May of 1973. At that time he was transferred to the NATO Health Clinic in Brussels, Belgium where he continues to be stationed. On November 29, 1974, the guardian filed a First and Final Account which disclosed no disbursement to the petitioner during his minority and a net income of $252.76. Notice of the filing of the account was forwarded to the petitioner in Brussels, Belgium by letter dated December 5, 1974. The pleadings do not disclose whether the petitioner received a copy of the account as well. Upon receiving the account he wrote to George C. Clegg, Trust Officer of the Accountant, on January 10, 1975, requesting a withdrawal of the monies by his mother, but noting that, "It is very inconvenient for me to transact any business from over here." The notice of the trust officer of December 5, 1974, informed the beneficiary that the account would be confirmed nisi on January 6, 1975, at which time ". . . you or any interested party may appear before the court and for a period of ten days thereafter if you desire to be heard."

It is alleged by the petition that due to the delay in receiving the letter and the absence of any opportunity to seek legal advice the petitioner was unable to take action within the time afforded for the filing of exceptions. This resulted in absolute confirmation of the account on January 16, 1975. During this entire period the petitioner was in active military duty out of the continental United States. It is alleged that upon receipt of the letter of

inquiry the petitioner's parents contacted an attorney for advice which resulted in a letter of March 17, 1975, to the guardian informing it that the petitioner's parents were very much distressed over the failure of the investment to achieve more monies. It is claimed that the guardian's representative conceded that had the monies been deposited in a regular passbook they would have achieved $4,141 being an increase of that amount during the course of its administration. Rather, it appears that the monies were placed in Northwest Pennsylvania Bank and Trust Company common trust fund A and B. This caused a loss in the principle value, according to the account, of $478.75. This is explained by the guardian that the stock market had sharply declined and would, therefore, be unavoidable. The beneficiary is unpersuaded and desires to present a surcharge against the guardian.

The basis of the petitioner's claim is that section 200 of the Soldiers' and Sailors' Civil Relief Act of 1940, Act of October 17, 1940, P.L. 888, §200, 50 U.S.C.A. App. §520, 54 Stat. 1180, as amended, requires that the account be set aside. Subsection (4) of the above-mentioned statute refers to judgments. It permits a court to set aside such a judgment where application is made not later than 30 days after the termination of the military service and it appears that the serviceman was prejudiced by reason of his military service in making his defense. The initial question is whether or not a final account is the same as a judgment for the purpose of this statute. One starts with the knowledge that the act is to be liberally construed in an effort to protect those who have been obligated to drop their own affairs to take up the burdens of the nation: Boone v. Lightner, 319 U.S. 561, 575, 63

S.Ct. 1223, 1231 (1943); Le Maistre v. Leffers, 333 U.S. 1, 6, 68 S.Ct. 371, 373 (1948).

At least one case construing the act has questioned, but not answered, whether it was intended to apply to probate proceedings. But nevertheless the court deferred to a liberal construction of the act: McCoy v. Atlantic Coast Line R. Co., 229 N.C. 57, 47 S.E.2d 532, 534 (1948). Snapp v. Scott, 196 Okla. 658, 167 P. 2d 870, 872 (1946), also questions the application of the act to the estate there involved.

Some courts have determined the question on the particular type or stage of probate proceedings then pending before it: In re Cool's Estate, 19 N.J. Misc. 236, 18 A.2d 714 (1941), the court held probate practice to be subject to the act. Case v. Case, 124 N.E.2d 856 (Ohio 1955), and McLaughlin v. McLaughlin, 186 Md. 165, 46 A.2d 307 (1946), both hold the act not to be applicable to the probate of a will.

We prefer the view that the confirmation of an account is the equivalent of a judgment by default. So doing, a reading of sections 520 (1), (2) and (3) indicate that the statute is designed to protect servicemen from default judgments.[1]

The immediate issue is whether judgment on the pleadings should be entered. The decision of that question rests upon substantially the same authorities as a motion under Pa.R.C.P. 1034.[2]

---

1. Whether the Soldiers and Sailors Civil Relief Act is applicable or not, the notice given must be sufficient to assure that the serviceman would have received it or had knowledge concerning it. In Kelsey Estate, 67 Mont. 173, 81 D. & C. 90, 1 Fiduc. Rep. 267 (1951), an account was opened due to improper notice to an Army employee in Berlin during the blockade of 1948.

2. 4 Hunter O.C. Orphans' Court 382, §11(g)(2d ed.). Such

Petitioner has the burden of proof in order to open judgment that his absence in the military service resulted in prejudice and that he has a meritorious defense in the event the judgment would be opened. Neither of these matters can be concluded on the present state of the record.

Wherefore, the motion for judgment on the pleadings is denied.

### ORDER

And now, February 24, 1976, the motion for judgment on the pleadings in the above captioned matter is denied. Either party may place the matter upon the subsequent argument list for the purpose of the receipt of testimony or may request through the court administrator's office a special day and time for hearing of evidence and further argument on the merits in the above captioned matter.

---

a judgment should not be rendered unless it is clear that there is no meritorious legal defense: Miami National Bank v. Willens, 410 Pa. 505, 190 A.2d 438 (1963). Such a motion should be granted only when the case is so free of doubt that a trial would clearly be a fruitless exercise: Reis v. Phillips Products Co., Inc., 234 Pa. Superior Ct. 508, 341 A.2d 180 (1975); Kroiz v. Blumenfeld, 229 Pa. Superior Ct. 194, 323 A.2d 339 (1974).