Eberhart et ux., Appellants, *v.* Nationwide Mutual Insurance Company.

Argued November 19, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

*David J. Millstein,* with him *Millstein and Hoehler,* for appellants.

*Carl E. Fisher,* with him *Robinson, Fisher, Long & Rigone,* for appellee.

OPINION BY JACOBS, J., March 29, 1976:

This is an appeal from the order of the court below granting the defendant-appellee's motion for judgment on the pleadings. When ruling on a defendant's motion for judgment on the pleadings, the complaint, the answer containing new matter, and the reply to new matter shall be considered.[1] *Herman v. Stern,* 419 Pa. 272, 276 n. 1, 213 A.2d 594, 596 n. 1 (1965). Further, as this Court stated in *Kroiz v. Blumenfeld,* 229 Pa. Superior Ct. 194, 197, 323 A.2d 339, 340 (1974):

> "The standards for determining whether a judgment on the pleadings should be allowed are clear. . . . All of the opposing party's well pleaded *facts* must be accepted as true. Bata v. Central Penn National Bank, 423 Pa. 373, 224 A.2d 174 (1966) ; Herman v. Stern, 419 Pa. 272, 213 A.2d 594 (1965). A judgment on the pleadings should be granted only when a case is free from doubt and a trial would be a fruitless exercise. Blumer v. Dorfman, 447 Pa. 131, 289 A.2d 463 (1972)." (Emphasis in original).

Applying these standards to the instant case, we conclude that this was not a proper case for the entry of judgment on the pleadings in favor of the defendant.

---

1. When ruling on a plaintiff's motion for judgment on the pleadings only the complaint and the answer containing new matter shall be considered. *Herman v. Stern,* 419 Pa. 272, 276 n. 1, 213 A.2d 594, 596 n. 1 (1965).

The pleadings disclose a primary issue of fact which, when resolved in favor of the non-moving party, the plaintiffs-appellants, *Kroiz v. Blumenfeld,* supra, makes judgment on the pleadings inappropriate.

The facts as disclosed by the pleadings may be summarized as follows: The defendant issued an automobile insurance policy to the plaintiff Brad Eberhart; the policy taking effect on September 7, 1973. On or about May 31, 1974, the plaintiffs were injured in a one-car accident in Westmoreland County, as a result of which they incurred medical expenses. The plaintiffs made repeated demands upon the defendant for payment of these medical expenses; these demands were refused.

The plaintiffs filed a Complaint in Assumpsit in which they averred, *inter alia*:

"3. On or about September 7, 1973, Plaintiff Brad Eberhart purchased from Defendant a policy of automobile insurance (Policy No. 61P082-312), *which policy, among other coverages, provided for payment of medical expenses arising from automobile accidents as follows*:

To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices and necessary ambulance, hospital, professional nursing and funeral services.

A true and correct copy of the *relevant*[2] part of the policy is attached hereto as *Exhibit A*[3] and incorporated as though fully set forth herein.

---

2. Pa.R.C.P. 1019(h) provides: "A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader *shall attach a copy of the writing, or the material part thereof,* but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing." (Emphasis added).

3. The import of Exhibit A to this case is established in the text following this note wherein the defendant's denial to this averment is set forth in full.

"4. The policy of insurance additionally provides that the medical payments as set forth above were to be payable as follows:

> To or for each Insured who sustains bodily injury, sickness or disease, caused by accident, while in or upon or while entering into or alighting from, or through being struck by, an automobile."

Printed Record at 3a-4a. (Emphasis added).

In its Answer to the plaintiffs' Complaint in Assumpsit the defendant averred in response to the above cited paragraphs:

"3. *Denied. The Defendant issued to the Plaintiff, Brad Eberhart, Automobile Policy No. 61P082-312 providing coverage only for property damage liability, bodily injury liability, and uninsured motorist pursuant* to the North Carolina Automobile Insurance Assigned Risk Plan, pursuant to an application made to Sunny Land Insurance Agency, Inc., C. J. Horning, broker. It is further denied that the Exhibit A attached to the Complaint is a true and correct copy of the relevant part of the policy. On the contrary, the portion attached as Exhibit A to Plaintiffs' Complaint is a standard printed form covering contract provisions for all coverages offered by the Defendant while specific coverage of the particular contract with the insured are [sic] set out in the declarations and made a part of the contract with the insured and which Plaintiff has omitted. The said declarations as well as a complete copy of the policy is attached hereto and marked Exhibit 1 together with a copy of the application which is also attached hereto and marked Exhibit 2.

4. Denied. The declarations are expressly part of the insurance contact [sic] and specifically fail to provide coverage for medical payments. It is further averred that the Plaintiff, Brad Eberhart, in his ap-

plication for insurance expressly declined to have medical payment coverage."[4]

Printed Record at 7a-8a. (Emphasis added).

Therefore, the plaintiffs attached, pursuant to Pa. R.C.P. 1019(h), see n. 2 supra, what they averred to be the *relevant* part of the insurance policy in issue, and pleaded that the policy provided for coverage of medical expenses. The defendant denied this and attached, pursuant to Pa.R.C.P. 1019(h) (the writing upon which a defense is based), see n. 2 supra, the entire insurance policy. The defendant urges that the insurance policy must be read in its entirety and, when so read, the declaration in the policy establishes that the plaintiffs' coverage is limited to property damage, bodily injury liability, and uninsured motorist coverage.

The defendant's position that an insurance policy must be read in its entirety in order to determine the intention of the parties is, as a matter of law, unassailable. *Smith v. Cassida*, 403 Pa. 404, 169 A.2d 539 (1961). However, as the pleadings now stand, it has not been established that the policy attached as an exhibit by the defendant is *the* policy that was issued to the plaintiff, Brad Eberhart. The defendant did not plead New Matter in its Answer. The plaintiffs have not admitted the au-

---

4. It is clear to us that Exhibit A to the plaintiffs' complaint is a standard printed form covering the various types of coverage offered by the defendant. Further, in relation to the defendant's denial in paragraph 4, Exhibit A does contain the following:

"NATIONWIDE MUTUAL INSURANCE COMPANY

(. . .)

Agrees with the Insured, *named in the declarations made a part hereof*, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:" Printed Record at 6a. (Emphasis added).

Nonetheless, as the pleadings now stand the defendant is not entitled to prevail on its motion for judgment on the pleadings. See text *infra*.

thenticity of the defendant's exhibit. *See Ruhe v. Kroger Company*, 425 Pa. 213, 228 A.2d 750 (1967). Fundamentally, the lower court cannot read the insurance policy in its entirety in order to gather therefrom the intent of the parties, see *Smith v. Cassida*, supra, until it is established that the policy before the court is *the* policy issued to the plaintiff, Brad Eberhart.[5] The plaintiffs have averred that the relevant part of their policy provides for medical expense coverage. The defendant denies this. In ruling on a defendant's motion for judgment on the pleadings ". . . all facts plead by the plaintiff which are relevant and material must be accepted as admitted even though denied." *Aughenbaugh v. North American Refractories Company*, 426 Pa. 211, 213, 231 A.2d 173, 175 (1967) (citations omitted). Taking the plaintiffs' averment, to-wit, Exhibit A is the relevant part of the policy and Exhibit A provides for medical expense coverage, as admitted, on the record before us it is impossible for us to find a case which is clear and "free from doubt." *Kroiz v. Blumenfeld*, supra.[6]

---

5. The plaintiffs' complaint does aver at paragraph 3, see text supra, that the plaintiff Brad Eberhart purchased a Policy No. 61P082-312. However, this does not establish that Policy No. 61P082-312 attached by the defendant as Exhibit 1 is, in fact, *the entire policy* issued to the plaintiff, Brad Eberhart.

6. In *London v. Kingsley*, 368 Pa. 109, 81 A.2d 870 (1951) our Supreme Court stated:

"*A motion for judgment on the pleadings is in effect a demurrer* [emphasis in original] and in considering the same the Court should be guided by the same principles as were heretofore applicable in disposing of a preliminary objection in the nature of a demurrer. On such a motion the Court must accept as true—even though denied—averments of fact by the opposing party which are material and relevant; *but inferences and conclusions which are drawn from and erroneously interpret a written instrument which is part of the record are not admitted, nor are conclusions of law. Judgment on the pleadings should be entered only where the right is clear and free from doubt:* Waldman v. Shoemaker, 367 Pa. 587, 80 A.2d 776;

Judgment reversed and the case remanded with a procedendo.

Kittaning Coal Co. v. Moore, 362 Pa. 128, 132, 66 A.2d 273."

*Id.* at 111, 81 A.2d at 871. (Emphasis added).

At first blush, *London v. Kingsley,* supra, as applied to the instant case in support of defendant's motion for judgment on the pleadings is appealing. Plaintiffs' averment that Exhibit A is the relevant part of the insurance policy in issue is an interpretation of a written instrument, and under the exception as articulated in *London v. Kingsley,* supra, it is not admitted. However, until it is established that the policy attached by the defendant is *the* entire written instrument to be interpreted, the exception as stated in *London v. Kingsley, supra,* is not applicable.

Further, it cannot be controverted that plaintiffs' Exhibit A makes reference to a declaration. See n. 4 supra. Whenever there is an inconsistency between the allegations of the complaint and a written instrument, to-wit, the documents in this case, the latter will prevail. *Framlau Corp. v. Delaware Co.,* 223 Pa. Superior Ct. 272, 299 A.2d 335 (1972), *allocatur refused,* 223 Pa. Superior Ct. *xxxvi* (1973). Again, it has not been established by the pleadings as they now stand that the declaration referred to in plaintiffs' Exhibit A is *the* declaration as pleaded by the defendants. There is a primary unresolved factual issue in this case.