## Commonwealth ex rel. Jumper v. Myers

*Philip A. Arnold*, for plaintiff.
*Daniel K. Deardorff*, for defendant.

HOFFER, *J.,* March 13, 1981—On March 21, 1979, the Commonwealth filed a complaint in civil-support on behalf of Debra C. Jumper, plaintiff. Plaintiff alleges that Roy E. Myers, Jr., defendant, is the father of her illegitimate child, Milez G. Jumper, born December 9, 1973. Plaintiff's suit is a civil action under 42 Pa.C.S.A. §§6701-6713.

Defendant filed preliminary objections and raised the defense that a two-year statute of limitations had expired. The court denied the preliminary objections but permitted the defense to be raised by answer. Defendant filed his answer and denied being the father, again raising the statute of limitations and moved for judgment on the pleadings.

When presented with a motion for judgment on the pleadings, the court may consider only the pleadings themselves and any documents attached thereto. Kroiz v. Blumenfield, 229 Pa. Super. 194, 323 A. 2d 339 (1974). "In order to succeed in a motion for judgment on the pleadings, the moving party's right to prevail must be so clear that 'a trial would clearly be a fruitless exercise.' [Cite omitted].

This is so because the motion for judgment on the pleadings is in the nature of a demurrer, and as such is adjudicated upon the assumption that all of the opposing party's . . . well-pleaded allegations are true; moreover, only specifically admitted facts may be used against [the opposing party.]" Goldman v. McShain, 432 Pa. 61, 68, 247 A. 2d 455, 458 (1968). See also, Miller v. Prudential Insurance Co. of America, 239 Pa. Super. 467, 471, 362 A. 2d 1017, 1019 (1972).

Defendant addresses two issues in his motion for judgment on the pleadings: (1) Does the two-year statute of limitations set forth in 18 P.S. §4323(b) bar plaintiff's cause of action? (2) Does the application of the six-year statute of limitations, set forth in 42 Pa.C.S.A. §6704, give that statute a retroactive effect where the case involves a child born four years prior to the statute's effective date? For the reasons stated below, we find that the two-year statute of limitations is inapplicable to the case at bar and that 42 Pa.C.S.A. §6701 et seq. is not construed retroactively by applying its six-year statute of limitations to this case.

The child involved here was born on December 9, 1973. At that time, two procedures existed for a parent to obtain child support—a criminal or a civil action. The criminal method was provided by the Act of December 6, 1972, 18 P.S. §4321-23, hereinafter referred to as the Criminal Support Act. The second method provided a civil remedy under the Pennsylvania Civil Procedural Support Law of July 13, 1953, P.L. 431, as amended, 62 P.S. §§2043.31—2043.43, hereinafter referred to as the 1953 Civil Support Act.[1]

---

1. The original right of support came from the Support Law of June 24, 1937, P.L. 2045, as amended by the Act of May 23, 1945, P.L. 865, as amended by the Act of September 26, 1951, P. 1455, 62 P.S. §1971 et seq. The Pennsylvania Civil Pro-

The Criminal Support Act had a two-year statute of limitations [18 P.S. §4323(b)] while the 1953 Civil Support Act had no stated statute of limitations. In 1978, the 1953 act was repealed by the Act of April 28, 1978, as amended, 43 Pa.C.S.A. §§6701-13, hereinafter referred to as the 1978 Civil Support Law, which substantially re-enacted the 1953 act but added a six-year statute of limitations and a civil procedure for determining paternity. [43 Pa.C.S.A. §6704(e)].

The issue at the heart of this case is whether plaintiff was barred from bringing a civil support action under the 1953 Civil Support Act at the date when the 1978 Civil Support Law became effective. If plaintiff was barred by the 1953 act, plaintiff could not bring an action under the 1978 Civil Support Law without this court improperly construing the 1978 act as applying retroactively.[2] If plaintiff could have maintained a suit under the 1953 act, then her cause of action has remained viable and her present suit is properly brought under the 1978 act within the six-year statute of limitations.

The child was born on December 9, 1973. Because of the two-year statute of limitations, plaintiff was barred from maintaining a support action under the Criminal Support Act after December 9, 1975. Defendant contends that the two-year statute of limitations also applied to the 1953 Civil Support

cedural Support Law of July 13, 1953, P.L. 431, as amended, 62 P.S. §2043.31 et seq., provided the means to enforce this duty of support. In 1963, the 1953 support act was amended to include support for illegitimate children. Act of August 14, 1963, P.L. 872, 62 P.S. §§2043.32, 2043.35.

2. The Statutory Construction Act of 1973, as amended, 1 Pa.C.S.A. §1926 states that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." The 1978 Civil Support Law does not contain any notice that the act is to be applied retroactively.

Act and barred all further suits. Defendant thus argues that to permit plaintiff's suit under the 1978 Civil Support Act would unconstitutionally revive a liability which had expired. Defendant cites two lower court cases that followed this reasoning in cases with facts similar to ours. See Dettrey v. Keckler, 10 D. & C. 3d 610 (1979); Commonwealth ex rel. Stidfole v. Lullo, 10 D. & C. 3d 623 (1979).

While this court respectfully acknowledges the Dettrey and Stidfole decisions, our view of the law requires a different conclusion. We find that although a criminal action under the Criminal Support Act was barred after December 9, 1975, a civil cause of action continued to exist under the 1953 Civil Support Act.

Under the original 1953 Civil Support Act and its amendments, there were no provisions for a civil determination of paternity. Consequently, if paternity was disputed, a determination of paternity had to be made in a criminal proceeding before an order of support would be entered. Commonwealth v. Dillworth, 431 Pa. 479, 246 A. 2d 859 (1968); Armstead v. Dandridge, 257 Pa. Super. 415, 390 A. 2d 1305 (1978). Absent the father's admittance of paternity or the waiver of his criminal rights, defendant retained his right to be criminally tried on the issue of paternity. Commonwealth ex rel. Yentzer v. Carpenter, 240 Pa. Super. 202, 362 A. 2d 1101 (1976).

If paternity was not disputed, however, the court could order support under the 1953 Civil Support Act. In Commonwealth v. Jacobs, 220 Pa. Super. 31, 260 A. 2d 251 (1971), defendant did not desire the publicity of a criminal trial. Defendant then waived his right to a criminal proceeding of paternity, a trial by jury, and all other ancillary criminal protections. See also, Commonwealth ex rel. Yent-

zer v. Carpenter, 240 Pa. Super. 202, 362 A. 2d 1101 (1976) (admission of paternity or waiver to criminal proceedings permits trying the issue of paternity and support civilly).

Before the enactment of the 1978 Civil Support Law, when a civil action for support of an illegitimate child was brought, the putative father could either waive his right to a criminal hearing for paternity and continue under the 1953 Civil Support Act or insist upon his right to a criminal trial, in which case the civil action was estopped. If the father insisted upon his right to a criminal proceeding for paternity, the civil action could not be successfully litigated until after it was determined in a criminal proceeding that he was the father. If the two-year statute of limitations barred the criminal proceeding, relief under the civil action could not be granted unless defendant later decided to admit paternity or waive his right to a criminal proceeding.[3]

Absent the putative father's request for a criminal paternity hearing, however, the 1953 act did not appear to have any stated statute of limitations. In obiter dictim, the Pennsylvania Superior Court stated that "a civil adjudication of paternity under the [1953 Civil Support] Act is advantageous for the Commonwealth as well as for defendant . . . the time in which the action can be brought is not governed by a statute of limitations." Commonwealth v. Jacobs, 220 Pa. Super. 31, 38, 279 A. 2d 251, 254 (1971); Timms v. Potts, 127 Pittsburgh L.J. 145

---

3. Additionally, the filing of a civil support act did not toll the running of the two-year criminal statute of limitations when the putative father insisted upon a criminal proceeding for paternity. Commonwealth ex rel. Kolodziejski v. Tancredi, 222 Pa. Super. 436, 293 A. 2d 174 (1972).

(1979). Thus, the two-year statute of limitations did not actually bar the civil action; it only prevented a determination of paternity under certain circumstances.

After reviewing the interaction between the Criminal Support Act and the 1953 Civil Support Act, we find that a civil cause of action was never barred by the two-year criminal statute of limitations. Where paternity was disputed, however, plaintiff could not recover under the civil action because of the legislature's failure to provide a mechanism to prove paternity civilly. The 1978 Civil Support Law provided the mechanism to determine paternity in a civil proceeding and thereby enabled the civil action to continue. The 1978 act also provided a six-year statute of limitations for a civil support action. Thus, plaintiff's cause of action in the case at bar never terminated before the 1978 act was enacted. Because the child was born on December 9, 1973, and plaintiff's action was filed within the six-year statute of limitations, this court has jurisdiction under the 1978 Civil Support Law.

We further note that the 1978 act is not applied retroactively merely because the condition resulted from events occurring prior to the act. Creighton v. Pittsburgh, 389 Pa. 569, 575, 132 A. 2d 867, 871, (1975); Timms v. Potts, 127 Pittsburgh L.J. 145 (1979). In Norris v. Beck, no. 401 October term (Pa. Super., filed November 21, 1980), the Pennsylvania Superior Court recently announced that the right to support should not be denied due to technical time constraints.

In Norris v. Beck, supra., the illegitimate children were over 16 years old when the mother filed a

civil action for support. The putative father had plead guilty to criminal support charges shortly after the children's births. Since child support under the criminal support order ended at age 16, the Superior Court permitted the mother to bring a civil action under the 1978 Civil Support Law even though the criminal support right had ended. In safeguarding the right to support for children, the court stated the following:

The Civil Support Act has created rights in persons. We hold today that those rights cannot be withheld from persons who only recently acquired these rights and who have not exercised them within the technical time constraints of the act. To make any other determination would require persons to adhere to a statute of limitations of which they had no notice. Ms. Norris certainly must be given two (2) years from the date of enactment of the support act in which to bring her action. Any other holding would deny the very purpose the legislature posed by creating an action for civil support. Id., slip op. at 6.

For the above stated reasons, we find that the two-year statute of limitations set forth in sec. 4323(b) of the Criminal Support Act does not bar the present cause of action; rather, the six-year statute of limitations set forth in sec. 6704(e) of the 1978 Civil Support Law applies.

## ORDER OF COURT

And now, March 13, 1981, for the reasons set forth in the opinion filed this date, the motion for judgment on the pleadings is hereby denied.