## Erie Insurance Exchange v. Reynolds

*John W. Ashley,* for plaintiff.
*Richard Pepper,* for defendant.

McGINLEY, *J.,* August 30, 1993—The issue before us is one of first impression. Are the claimants in a wrongful death action a separate person from the claimants in a survival action, for the purpose of separate limits of coverage pursuant to an insurance policy?

The stipulated facts in this case are that the decedent, Christopher Reynolds, the son of John and Linda Reynolds, was struck and killed by a vehicle driven by Patricia Ahner.

An action was commenced against Patricia Ahner alleging both wrongful death and survival action damages. The parents of the decedent maintain that they are entitled to two per-person coverages, one for the survival action, and one for the wrongful death action. The carrier[1] maintains that a single per-person limit is appropriate and has brought this declaratory judgment action for the purpose of ruling on that issue.

---

1. Erie carries both the liability policy of Patricia Ahner and the uninsured/underinsured coverage of the Reynolds.

The insurance contract provides that "the amount shown for 'EACH PERSON' is the most we will pay for bodily injury to one person as the result of one accident." (page 7.)

Bodily injury is defined as "meaning physical harm, sickness or disease, including care, loss of services or resultant death." (page 5.) (This is the definition in the liability section of the policy which would apply to the Erie policy of Patricia Ahner.) In the uninsured/underinsured motorist coverage endorsement bodily injury is defined as "meaning physical harm, sickness or disease, or resultant death." (This is the policy which would apply to the Erie policy of the Reynolds.)

Because these definitions of injury include the term "and resultant death," we conclude that it was the intention of the policy that the injury and the death would be a single occurrence for purpose of coverage.

It is axiomatic that one injury to a person can give rise to more than one cause of action. In the instant case there was only one injured party, *i.e.,* Christopher Reynolds, whose injuries resulted in death, which give rise to more than one cause of action. The Wrongful Death Statute, 42 Pa.C.S. §8301, provides that an action may be brought to recover "damages for the death of an individual."

A survival action defined at 42 Pa.C.S. §8301 provides that causes of action survive the death of a plaintiff or defendant.

We note the case of *Koenig v. Progressive Insurance Company,* 410 Pa. Super. 232, 599 A.2d 690 (1991), which held that a loss of consortium claim by the victim's

spouse is not an additional per-person for purposes of per-person limitation. The Superior Court in *Koenig* quotes extensively from *Smith v. Cassida,* 403 Pa. 404, 169 A.2d 539 (1961), where a husband filed a separate suit or a loss of consortium claim after his wife had already received settlement in full satisfaction of her per-person limitation. The court in *Smith* held, and was quoted by the *Koenig* court, "[t]o us, the pertinent language of the policy is clear that the liability limit intended for bodily injury to one person covered all damages flowing from that one individual's injuries, including the cost of care and the loss resulting from the disability. The recoverable damages, direct and consequential, are essentially due to the bodily injury of one person. They may not be broken up in order to increase the liability limit provided for. The limit of liability applies to the person injured and not to the person suffering loss. Any other construction would completely annihilate that language of the policy ..." *Smith, id.* 403 Pa. at 407-408, 169 A.2d at 540-541. *Koenig, 410 Pa. Super at 240-41, 599 A.2d at 694.*

We believe the same reasoning applies with regard to wrongful death and survival actions and, therefore, we hold in favor of the plaintiffs.

ORDER

Now, August 30, 1993, for the reasons expressed in the attached opinion, it is ordered that a declaratory judgment shall be entered in favor of the plaintiff and against the defendants.