### 57129. U. S. INDUSTRIES, INC. v. MITCHELL.

WEBB, Judge.

Mitchell sued appellant for breach of express warranty that its poultry cages had been treated to prevent rusting for a period of ten years. The appeal is from the verdict and judgment in favor of Mitchell, and enumerates as error the overruling of appellant's motions to dismiss for insufficiency of process, lack of jurisdiction over the person and improper venue, for directed verdict based upon lack of privity, and in allowing hearsay evidence. We affirm.

1. Appellant's contentions of insufficient process are not apparent from the record which shows a summons attached to the complaint, that there was personal service of the complaint upon the appellant, and that there was a return of this service by the sheriff.

2. Appellant moved to dismiss for failure to state a claim upon which relief could be granted. However, the defenses of lack of jurisdiction and improper venue must be made by a motion or included in a responsive pleading as originally filed, or a waiver will result. CPA § 12 (h) (1)

(Code Ann. § 81A-112 (h) (1)); *Thrift v. Vi-Vin Products,* 134 Ga. App. 717 (1) (215 SE2d 709) (1975); *Vanguard Diversified, Inc. v. Institutional Assoc., Inc.,* 141 Ga. App. 265 (1) (233 SE2d 247) (1977). Since the appellant did neither the trial court acquired jurisdiction and the resulting judgment is conclusive.

3. Nor was the action barred by the statute of limitations. The evidence established that the warranty extended for ten years. The cages were sold in 1970 and the rusting was discovered in 1975. Suit was filed in 1977. An action for breach of contract for sale must be commenced within four years after the cause of action accrues, and where a warranty explicitly extends to future performance of the goods, the cause of action accrues when the breach is or should have been discovered. Code Ann. § 109A-2—725 (1), (2).

4. Contentions as to lack of privity of contract are not sustained by the evidence which was sufficient for the jury to find that the appellant warranted the cages to Mitchell, the ultimate purchaser, through its dealer agent, even though the particular sale was made by the dealer operating as an independent contractor. *Studebaker Corp. v. Nail,* 82 Ga. App. 779 (1) (62 SE2d 198) (1950). Accord, *Jones v. Cranman's Sporting Goods,* 142 Ga. App. 838, 841 (2) (237 SE2d 402) (1977).

5. Appellant asserts that Mitchell's testimony as to what kind of cages he bought and what the dealer's salesman told him was an attempt to establish agency by hearsay which was "dispelled" by a distributor agreement it introduced in evidence. There are no accompanying references to this lengthy document, however, which would show that it has a direct bearing on the issue, "and this failure to argue properly constitutes an abandonment and the enumeration will not be considered. Rule 18 (c) (2), 18 (c) (3). [Cit.]." *IBEW v. Briscoe,* 143 Ga. App. 417, 427 (4) (239 SE2d 38) (1977).

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

Argued January 4, 1979 — Decided January 11, 1979 — Rehearing denied January 25, 1979 —

*Young, Young, Ellerbee & Clyatt, O. Wayne Ellerbee,* for appellant.

*Perry & Franklin, J. Reese Franklin,* for appellee.