437 A.2d 1262

**Inez DEL QUADRO, Appellant,**

v.

**CITY OF PHILADELPHIA,**

**and**

**Oscar Yoblick, Reba Spivak Yoblick and Manuel Katz.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1981.

Filed Dec. 11, 1981.

---

174

Chester T. Cyzio, Philadelphia, for appellant.

Judith N. Dean, Deputy City Solicitor, Philadelphia, for City of Philadelphia, appellee.

Richard S. March, Philadelphia, for Yoblick, etc., appellees.

Before HESTER, DiSALLE and POPOVICH, JJ.

PER CURIAM:

Appellant, Inez Del Quadro, has filed this appeal from an order of the lower court entering judgment on the pleadings, Pa.R.C.P. 1034, in favor of appellee, City of Philadelphia;[1]

---

1. The additional defendants, Oscar Yoblick, Reba Spivak Yoblick, and Manuel Katz, did not participate in this appeal.

the judgment having been entered for want of a sufficient reply to new matter. We vacate the judgment and remand.

Appellant brought this action in trespass to recover damages for personal injuries which she suffered as a result of a fall on a public street in Philadelphia, Pennsylvania. Although the cause of action arose on October 19, 1970, a writ of summons was not filed until November 13, 1972. After the complaint was filed, appellee filed an answer and new matter averring, inter alia, that appellant's claim was barred by the statute of limitations.[2] In her reply to appellee's new matter, appellant denied that her claim was barred and further averred that

... [she] was lulled into inaction directly by representatives of the defendant, especially since settlement negotiations were pending and a settlement was imminent immediately prior to and at time of the institution of this action.

As noted, the lower court entered judgment on the pleadings on the basis that appellant had failed to plead sufficient facts to estop appellee from asserting the statute of limitations; the court having determined that certain statements made in appellant's memorandum of law were insufficient to support appellant's claim of estoppel. (Record at 11–12).

■■■ It is fundamental that a judgment on the pleadings should not be entered where there are unknown or disputed issues of fact. *North Star Coal Co. v. Waverly Oil Works Co.*, 447 Pa. 241, 288 A.2d 768 (1972). The court must treat the motion as if it were a preliminary objection in the nature of a demurrer. *Trost v. Clover*, 234 Pa.Super. 255, 338 A.2d 630 (1975). In conducting this inquiry, the court should confine its consideration to the pleadings and rele-

2. In accordance with the law of this Commonwealth, appellant had two (2) years within which to bring her action to recover damages for personal injuries. Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34, repealed by 42 Pa.C.S.A. § 20002(a)[807], effective June 27, 1978, now 42 Pa.C.S.A. § 5524(2), effective June 27, 1978.

vant documents. *SN, Inc. v. Long*, 208 Pa.Super. 38, 220 A.2d 357 (1966). Since a motion for judgment on the pleadings is not a motion for summary judgment, no affidavit or depositions may be considered, nor is any matter before the court except the pleadings. *Bogojavlensky v. Logan*, 181 Pa.Super. 312, 124 A.2d 412 (1956). It is clear that the briefs of the parties are not pleadings. *See* Pa.R. C.P. 1017.

Although appellant's reply leaves much to be desired, in our view, it was not so clearly insufficient as to warrant the entry of judgment on the pleadings. *Cf. Busby v. Harrisburg Pipe & Pipe Bending Co.*, 312 Pa. 394, 167 A. 313 (1933) (judgment for want of sufficient reply affirmed). Here, the fact that the lower court felt compelled to look outside the pleadings supports our conclusion. Where there is any uncertainty or doubt, it should not be assumed that a party cannot plead with more specificity. The court should consider the advisability of directing a party to amend. *Medusa Portland Cement Co. v. Marion Coal & Supply Co.*, 204 Pa.Super. 5, 201 A.2d 285 (1964). Moreover, in close cases like this it would seem that the preferable approach is to await the filing of affidavits and depositions and then to consider the issue on a motion for summary judgment.

In view of the foregoing, it was error to enter judgment on the pleadings in favor of the City of Philadelphia and that judgment is hereby vacated and set aside and the case remanded.