456 A.2d 1066

**Richard DiANDREA and Romayne G. DiAndrea, husband and wife, Appellants,**

v.

**RELIANCE SAVINGS AND LOAN ASSOCIATION.**

Superior Court of Pennsylvania.

Argued April 12, 1982.

Filed Feb. 18, 1983.

Petition for Allowance of Appeal Denied June 8, 1983.

538

540

James H. English, Altoona, for appellants.

Walter F. Wall, Altoona, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

Appellants, Richard and Romayne DiAndrea, appeal from the order of the Honorable Thomas G. Peoples, Common Pleas Court Blair County, granting judgment on the pleadings to appellee, Reliance Savings and Loan Association.

From the allegations in the pleadings, we adduce the following facts. The appellants entered into an agreement with Lawrence W. Lassak & Associates [hereinafter Lassak] providing for the construction of a single-family dwelling for appellants at a price of $25,000.00. To provide the funds for construction, appellants then concluded a loan agreement with appellee. The loan agreement provided that appellee would pay the builder certain stipulated amounts at various stages of the construction. It also provided that appellee shall:

"4. Make periodic inspections of the progress of the construction to the end that, in protection of the mortgagee's interests, the same shall be in substantial compliance with the plans and specifications. *This understanding shall not relieve Owner from making such inspections as he may think necessary for his protection.*" (Emphasis added.)

The loan was secured by a mortgage executed simultaneously with the loan agreement. The mortgage covered the premises upon which construction was contemplated, and also an additional property owned by appellants. The additional property had been previously mortgaged to appellee. The outstanding amount on this mortgage was combined with the new mortgage and the previous mortgage was designated satisfied in the office of the Recorder of Deeds of Blair County.

Pursuant to the agreement, appellee paid Lassak $2,300.00 for the commencement of the project. Later, appellee made a second payment of $7,210.00 to Lassak upon presentation of a requisition for payment approved by appellant, Richard DiAndrea. On that same date, a Building Inspector of the City of Altoona ordered construction to be halted because the foundation did not conform to the requirements of the City Building Code.

Appellants subsequently filed this action in equity seeking cancellation of the new mortgage, reinstatement of the earlier one, and credit on the reinstated mortgage for the payments made pursuant to the new mortgage. The gravamen of this action was that appellee breached the loan agreement by making payments for work not properly performed, and by failing to properly inspect the on-site construction of the premises. After receiving the complaint in equity of appellants, appellee filed preliminary objections in the nature of demurrer, which were denied. Appellants filed a petition for termination of the mortgage, to which appellee responded. Subsequently, an amendment to appellants' complaint was filed in accordance with an order of the trial judge. Then appellee answered the amended complaint specifying new matter. Appellants filed their reply. Appellee then filed a motion for judgment on the pleadings, which was granted. Whereupon, appellants filed this appeal.

Three issues are presented for our consideration by appellants. The first issue presented is whether granting a judgment on the pleadings is proper after the denial of a

demurrer on the same issue when the later pleadings raise no materially new or different issues. The second question presented is whether the trial court erred in granting judgment on the pleadings because of the existence of an issue of fact as to an averment of a settlement of the disputed claim between appellants and appellee. The third issue presented is whether it is proper for the trial judge to grant a judgment on the pleadings when the case involves issues of first impression. We note that appellants have not challenged the trial judge's ruling that appellants' complaint failed to state a claim upon which relief may be granted, therefore we do not undertake a review of that determination herein.

■ Initially, we will consider the first issue raised by the appellants which challenges the propriety of the trial judge's decision to consider the motion for judgment on the pleadings. Appellant maintains that it is improper for a trial judge to grant judgment on the pleadings after the earlier denial of preliminary objections in the nature of a demurrer when the later pleadings raise no issues materially new or different from those considered on the basis of the demurrer. Our research has not disclosed any appellate decisions discussing this issue and the parties have not cited any. However, the issue has been raised in some trial court opinions with differing results. *See e.g. Berlin v. Drexel University*, 10 Pa.D. & C.3d 319, 321–322 (C.P. Philadelphia 1979) (consideration granted); *Pennsylvania State Chamber of Commerce v. Hart*, 45 Pa.D. & C.2d 352 (C.P. Dauphin County 1968) (consideration denied); *Overbrook Farms Club v. MacCoy*, 32 D. & C.2d 603 (C.P. Montgomery County 1963) (consideration granted); *Nakles v. Union Real Estate Company*, 111 P.L.J. 112 (C.P. Allegheny County 1963) (consideration denied); *Shaw v. Courtney*, 37 Erie L.J. 177 (C.P. Erie County 1953) (consideration granted). We note also the following statement regarding the issue in 2B Anderson's Civil Practice § 1034.4:

> [T]he right of either [party] to file [a motion for judgment on the pleadings] is not affected by whether the moving

party had or had not filed a demurrer to the pleadings earlier in the action ... The fact that [a] defendant did file a demurrer which was dismissed does not bar him from filing a motion for judgment on the pleadings after the plaintiff has filed his reply [to new matter] if the record as it then stands warrants such relief.

The motion for judgment on the pleadings is one of several pretrial mechanisms to save the parties the expense of having to go to trial on the merits before examining the legal sufficiency of the case. Even after the denial of an earlier demurrer, it permits the trial judge to re-examine the legal sufficiency of the case in light of additional facts and legal theories developed as a result of new matter and the reply thereto. Alternatively, in cases of first impression, the trial judge by denying the demurrer initially can permit the parties to fully develop the facts of the case before ruling on its legal sufficiency. *See Berlin v. Drexel University, supra.* In instances, like the instant case, where no further factual development occurs, the motion for judgment on the pleadings will permit the trial judge to consider any relevant legal authority decided in the interim period. Should the motion simply repeat the earlier arguments rejected in the demurrer, the trial judge may exercise his discretion to deny it. *See Pennsylvania State Chamber of Commerce v. Hart, supra; Nakles v. Union Real Estate Company, supra.* Thus, we can discern no reason for prohibiting the consideration and granting of a motion for judgment on the pleadings filed subsequent to the denial of a demurrer, if the record as it then stands warrants such action.

When considering the appropriateness of judgment on the pleadings, we are guided by the following principles summarized in *Del Quadro v. City of Philadelphia,* 293 Pa.Super. 173, 437 A.2d 1262 (1981):

It is fundamental that a judgment on the pleadings should not be entered where there are unknown or disputed issues of fact.... In conducting this inquiry, the court should confine its consideration to the pleadings and

relevant documents.... Since a motion for judgment on the pleadings is not a motion for summary judgment, no affidavit or depositions may be considered, nor is any matter before the court except the pleadings.

*Id.*, 293 Pa.Superior at 176–77, 437 A.2d at 1263. (Citations omitted).

■ Appellants assert that judgment on the pleadings is barred by the existence of issues of fact. The first issue of fact delineated by appellants is that the parties concluded a settlement of the new mortgage. With this contention, we must disagree.

The source of the first issue of fact alleged in appellants' brief was the "Petition for Termination of the Mortgage Payments." After this petition was filed, appellants amended their complaint to attach a copy of the construction contract. However, they did not seek to amend their complaint to allege, as they had in their petition, a settlement of the new mortgage.

Pursuant to the conformity rule set forth in Pa.R.Civ.P. 1501, equity procedures are governed by the rules of practice in assumpsit cases. Pa.R.Civ.P. 1017 limits pleadings to "a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, ... a preliminary objection and an answer thereto." As appellee correctly indicates, appellants' petition cannot be considered by a court evaluating a motion for judgment on the pleadings, for it is not part of the pleadings in the case, nor is it a document properly attached thereto. *Nederostik v. Endicott-Johnson Shoe Company*, 415 Pa. 136, 202 A.2d 72 (1964). Since we are not at liberty to consider material other than the pleadings and documents attached thereto, we conclude that the first issue of fact raised by appellants does not bar judgment on the pleadings because appellants have failed to properly preserve the issue for consideration by the court, though they had ample opportunity to do so.

■ The second issue of fact concerns the amount appellants owe on the new mortgage. We find no merit in

appellants' assertion that the trial court judicially established the amount they owed to appellee in its addendum opinion and order. The figures mentioned by the trial judge were not binding upon the parties.

█ Appellants' third issue raises the question of whether it is proper for a trial judge to grant a judgment on the pleadings when issues of first impression are involved in a case. In their brief, appellants state that the issues presented in the instant case have not been decided by a Pennsylvania appellate court. Relying upon language in the case of *Jefferies v. Hoffman*, 417 Pa. 1 n. 1, 207 A.2d 774 n. 1 (1965), appellants assert that the trial judge inappropriately granted judgment on the pleadings in the instant case.

In our view, the distinguished trial judge was correct in characterizing the legal controversy in this case as one of the contractual interpretation of the loan agreement to determine the rights and obligations imposed upon appellee.

Appellants rely upon the following language appearing in note 1 of the *Jefferies* opinion: "Where, as in this case, the rules of law are not clear, a court should be especially wary of granting judgment on the pleadings before the factual underpinnings are well defined." This language does not prohibit the granting of a judgment on the pleadings absolutely. Rather, it requires the trial court to develop the factual basis of the case before considering the legal sufficiency of the pleadings. In *Jefferies,* the trial court failed to do so when it denied the plaintiffs leave to amend their reply to new matter. In the instant case, we must agree with appellee that the language of *Jefferies* has not been disobeyed. Here the parties amply developed facts of the case. Appellants do not argue that the facts underlying their legal theory were insufficiently developed before the trial judge ruled upon the motion. Rather, they draw the unwarranted conclusion from *Jefferies* that trial is the only method of developing the factual matters pertaining to a dispute. To the contrary, we believe that where no relevant

issues of fact are raised, the trial becomes an expensive, unnecessary, and fruitless exercise.

Instantly, upon examination of the facts, the trial judge concluded that only a question of law as to the scope of the obligations imposed by the loan agreement remained for his consideration. Our examination of the pleadings affirms that no relevant factual disputes existed. Indeed, most of appellee's denials were to legal conclusions in appellants' complaint as to the obligations imposed upon appellee by the loan agreement. Inevitably, we conclude, as did the trial judge, that the resolution of this case depended upon interpretation of the written loan agreement.

As illustrated by the case of *Kroiz v. Blumenfeld*, 229 Pa.Super. 194, 323 A.2d 339 (1974), the granting of a motion for judgment on the pleadings may be appropriate in cases that turn upon the construction of a written agreement. *See also* Goodrich Amram 2d § 1034(b):1 n. 14 (collecting cases). In *Kroiz*, the subcontractor (Kroiz) pursuant to a clause in the subcontract agreed to be liable for materials furnished in connection with the work it performed. Subsequently, a supplier of materials to Kroiz sued the main contractor, who joined Kroiz, for the price of goods it had supplied. By letter Kroiz and the main contractor agreed that the main contractor would pay Kroiz the amount of money due it, under the subcontract, reserving in escrow $7,000 to pay any judgment entered against the main contractor as a result of the existing litigation with the supplier. Judgment was entered solely against Kroiz. Kroiz thereafter demanded payment of the $7,000.00 held in escrow. The main contractor refused arguing that the escrow agreement was intended to withhold sufficient funds from Kroiz for the payment of any and all judgments entered against the main contractor by the supplier. The main contractor contended that the money should not be released from escrow until the outcome of a second suit filed by the supplier against the main contractor for goods it ordered from the supplier.

Affirming judgment on the pleadings, this court found that the main contractor had not pleaded any facts in support of its interpretation of the scope of the escrow agreement, that the escrow agreement constituted the full understanding of the parties, and that the terms of the escrow agreement clearly and unambiguously applied only to the first litigation by the supplier.

We find that the analysis in *Kroiz* controls the instant case. Here, the trial judge interpreted the loan agreement and found that appellee had no obligation to make payments only when it ascertained, upon proper inspection, that the work was properly performed. This interpretation was derived from the clear language of the agreement. We find no error in it. As we noted earlier, appellants' pleadings did not raise any factual disputes regarding the interpretation to be ascribed to the loan agreement. Hence, the trial judge was at liberty to decide as a matter of law the determinative question of interpretation.

For the foregoing reasons, we affirm the order granting judgment on the pleadings.