519 A.2d 959

Robert L. PATTON and Esther P. Patton, Appellants,

v.

MACK TRUCKS, INC., Appellee.

Joan M. HAINES, Administratrix of the Estate of
Kenneth B. Haines, Appellant,

v.

MACK TRUCKS, INC., Appellee.

Superior Court of Pennsylvania.

Argued Sept. 17, 1986.

Filed Dec. 30, 1986.

2

Ralph D. Samuel, Philadelphia, for appellants (at 878 and 879).

Marc A. Landry, Philadelphia, for appellee.

Before CIRILLO, President Judge, and MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

Appellants challenge an order of the Philadelphia Court of Common Pleas granting appellee's motion for judgment on the pleadings and dismissing appellants' complaint. Because appellants filed their actions beyond the applicable period of limitations, 13 Pa.C.S.A. § 2725, we affirm.

The case arises from a March 17, 1981 truck accident that killed the driver of the truck, Kenneth B. Haines, and injured a passenger, appellant Robert L. Patton. At the time of the accident, both Mr. Haines and Mr. Patton were acting within the scope of their employment with Chemical Leaman Tank Lines, Inc. Mr. Patton and his wife, appellant Esther P. Patton, instituted an action by writ of summons against the manufacturer of the truck, Mack Trucks, Inc. [Mack], on February 20, 1985. Appellant Joan M. Haines, administratrix of the estate of Mr. Haines, instituted a separate action against Mack on March 12, 1985. In their consolidated complaint,[1] appellants alleged that a de-

---

1. The parties stipulated to the consolidation of the Patton and the Haines actions, which the trial court approved on July 18, 1985. Pa.R.C.P. 2229(a) permits joinder of plaintiffs "who assert any right to relief ... arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the right to relief of all such persons will arise in the action."

fective steering mechanism caused the truck in which Mr. Haines and Mr. Patton were riding to spin out of control. Appellants further alleged that when Mack sold the truck to Chemical Leaman in 1977, it made express and implied warranties, which it breached by failing properly to design and manufacture the truck and its component steering mechanism.

The express warranty upon which appellants base their claim appeared on a Chemical Leaman purchase order form dated May 26, 1977. Chemical Leaman used the multi-paged form to purchase the truck that injured Mr. Haines and Mr. Patton. The following warranty language was printed on the bottom of all but the first page: "Seller represents and warrants that all articles and services covered by this purchase order meet or exceed the regulations established and promulgated under the Federal Occupational Safety and Health Law, Public Law 91–596 ... in effect or proposed as of the date of this order." [2] Appellants contended that the truck failed to meet applicable workplace safety standards.[3] In addition to this alleged breach, appellants claimed that Mack breached implied warranties of merchantability and fitness for the particular purpose, which, unless excluded, apply to all sales of goods, see 13 Pa.C.S.A. §§ 2314–2316. The trial court nonetheless agreed

[2]. Appellants appended photocopies of the purchase order to their complaint and marked it "Exhibit A." The photocopying obscured some of the warranty language, but, fortunately, the portions critical to our review remained legible.

[3]. Absent a pertinent regulation, the Secretary of Labor can enforce the so-called "General Duty Clause" of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 654(a)(1), against employers who maintain unsafe workplaces. See, e.g., Usery v. Marquette Cement Mfg. Co., 568 F.2d 902 (2nd Cir.1977) (Secretary allowed to amend complaint to allege violation of General Duty Clause when specific regulation not applicable). The General Duty Clause provides that "[e]ach employer ... shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. § 654(a)(1). Viewing all of appellant's well-pleaded allegations as true, see Gallo v. J.C. Penney Cas. Ins. Co., 328 Pa.Super. 267, 476 A.2d 1322 (1984), we accept that the parties intended to incorporate this provision into the express warranty.

with appellee that the four-year statute of limitations on breach of warranty claims, 13 Pa.C.S.A. 2725, barred appellants' causes of action. It therefore granted appellee's motion for judgment on the pleadings. This timely appeal followed.

We must decide whether appellant's causes of action for breach of warranty accrued in 1977, when Mack delivered the allegedly defective truck to Chemical Leaman, or in 1981, when the accident that injured Mr. Haines and Mr. Patton occurred. This task requires that we construe both the statute of limitations provision of the Commercial Code and the purchase agreement between Mack and Chemical Leaman. The Code provision reads as follows:

(a) General rule.—An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitations to not less than one year but may not extend it.

(b) Accrual of cause of action.—A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, *except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.*

13 Pa.C.S. § 2725(a) and (b) (emphasis added). In the usual case under Section 2725, a cause of action for breach of warranty accrues when the seller tenders delivery to the buyer. An aggrieved party must bring suit within four years of tender regardless of whether he or she knows that a breach has occurred. The last sentence of Subsection 2725(b), however, extends the period of limitations in those few cases that meet the stated twofold test. If (1) the warranty "explicitly extends" to future performance of the goods and (2) discovery of the breach must await future performance, the cause of action accrues when "the breach

is or should have been discovered." We have cautioned that an extension of the usual period "will not be permitted except in those instances in which there is a clear and unambiguous expression of an intent that the warranty shall pertain to future performance." *Ranker v. Skyline Corp.*, 342 Pa.Super. 510, 515, 493 A.2d 706, 709 (1985).

Appellants contend that the warranties in question "explicitly extended" to future performance of the truck and that neither Mr. Haines nor Mr. Patton could have discovered the breach before the March 17, 1981 accident. Appellants therefore ask us to find that their causes of action accrued in 1981. If we so find, we would have to conclude that the trial court erred when it found appellants actions barred by the four year period of limitations. We address in order appellants' four arguments in support of their position.

## I.

Appellants argue that the grant of judgment on the pleadings precluded jury consideration of certain vaguely-identified "extrinsic facts and parol evidence." These facts, they argue, would have established that the express warranty printed on the purchase order form "explicitly extended" to future performance of the truck. Appellants incorrectly assume, however, that construction of the warranty necessarily poses a jury question. This court has held that a grant of judgment on the pleadings "may be appropriate in cases that turn upon the construction of a written agreement." *DiAndrea v. Reliance Savings and Loan Ass'n.*, 310 Pa.Super. 537, 546, 456 A.2d 1066, 1070 (1983). *See also Gallo v. J.C. Penney Cas. Ins. Co.*, 328 Pa.Super. 267, 476 A.2d 1322 (1984). In *DiAndrea*, the trial court granted judgment on the pleadings based on its interpretation of a loan agreement. We found that the court had derived its interpretation "from the clear language of the agreement" and that "appellant's pleadings did not raise any factual disputes regarding the interpretation." *DiAndrea, supra*, 310 Pa.Superior Ct. at 547, 456 A.2d at 1071. We therefore

affirmed. The case before us demands the same result. The warranty language in question lacked the kind of patent ambiguity that would require resolution by a fact finder. The court on its own could glean the parties' intent from the "clear language of the agreement." Although appellants disagree with appellees over the legal effect of the warranty, the words themselves were not "defective, obscure, or insensible." *Metzger v. Clifford Realty Corp.*, 327 Pa.Super. 377, 386, 476 A.2d 1, 5 (1984).[4] Moreover, appellants have not raised in their pleadings any allegations of fact that might establish a latent ambiguity in this otherwise clear language. Nothing in appellant's complaint, reply to new matter, or answer to motions for judgments on the pleadings contradicts or renders uncertain the trial court's reading of the warranty.[5] Consequently, as in *DiAndrea*, "the trial judge was at liberty to decide as a matter of law the determinative question of interpretation." 310 Pa.Super. at 547, 456 A.2d at 1071.

**4.** In *Metzger*, we held that a contract is "ambiguous"
if, and only if, it is reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in meaning through indefiniteness of expression or has a double meaning. A contract is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends; and a contract is not rendered ambiguous by the mere fact that the parties do not agree upon the proper construction.
327 Pa.Super. at 386, 476 A.2d at 5 (quoting 8 P.L.E. Contracts § 146 (1971)).

**5.** Of course, we cannot take into account "allegations" in the pleadings that amount to nothing more than conclusions of law. In determining whether a case is ripe for disposition on the pleadings, we consider only whether unknown or disputed issues of *fact* are present. *See Del Quadro v. City of Philadelphia*, 293 Pa.Super. 173, 437 A.2d 1262 (1981). Appellants in their brief on appeal contend for the first time that evidence of "industry custom" would have raised a factual dispute over whether the parties intended to extend the warranty to cover future performance of the truck. We note, however, that appellants failed to raise this dispute in their pleadings. When the court hears a motion for judgment on the pleadings, it must "confine its consideration to the pleadings and relevant documents." *Gallo*, 328 Pa.Super. at 270, 476 A.2d at 1324. *See also Del Quadro*, 293 Pa.Super. at 176–77, 437 A.2d at 1263.

Appellants nonetheless rely on *Gonzalez v. U.S. Steel Corp.*, 484 Pa. 277, 398 A.2d 1378 (1979) to support their contention that the trial court usurped the role of the jury. In *Gonzalez,* our supreme court held that the trial court erred by not allowing the jury to interpret a complex construction contract. The court concluded that questions of interpretation should go to the trier of fact when interpretation "depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence." *Gonzalez,* 484 Pa. at 290–91, 398 A.2d at 1385 (quoting Tentative Draft No. 5 of Restatement (Second) of Contracts § 212(2) (1979)). When interpretation does not depend on extrinsic evidence, however, the court alone must shoulder the task. *Id. See also Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563 (1983); *Community College of Beaver County v. Society of the Faculty,* 473 Pa. 576, 375 A.2d 1267 (1977). This "contributes to the stability and predictability of contractual relations" and "provides a method of assuring that like cases will be decided alike." *Gonzalez,* 484 Pa. at 290, 398 A.2d at 1385.

We have pointed out already that interpretation of the warranty in this case did not depend on extrinsic evidence. The warranty language was free of any patent or latent ambiguities. The court therefore correctly confined its inquiry to the four corners of the purchase order. *See Steuart v. McChesney,* 498 Pa. 45, 444 A.2d 659 (1982); *Rusiski v. Pribonic,* 326 Pa.Super. 545, 474 A.2d 624 (1984).

## II.

Appellants next contend that even if the trial court *could* interpret the express warranty as a matter of law and without the aid of a jury, it did so incorrectly in this case. Appellants insist that the trial court rendered the warranty language meaningless when it held that the warranty did not "implicitly extend" to future performance of the truck. They point out that Mack, in effect, warranted to provide Chemical Leaman employees with a workplace

that conformed to existing federal safety standards. Mack's warranty had meaning, according to appellant's analysis, only if it extended into the future to cover the period during which the truck actually served as a workplace for Chemical Leaman employees. Appellants also insist that because Mr. Haines and Mr. Patton could not possibly have discovered the breach before the March 17, 1981 accident, the warranty necessarily extended to future performance. We disagree with these arguments.

Professors White and Summers have observed that "extension of the normal warranty period does not occur in the usual case, even though all warranties in a sense apply to future performance of goods." J. White & R. Summer, Uniform Commercial Code § 11–9 (2d ed. 1980). Another expert has reasoned that Section 2725(b) "presumes that all warranties, expressed or implied, relate only to the condition of the goods at the time of sale." Klinger, *The Concept of Warranty Duration: A Tangled Web*, 89 Dick. L.Rev. 935, 939 (1985). The drafters of the Commercial Code certainly understood that in most cases a warranty is tested only after the seller has put the goods to their intended use. Nonetheless, they established "tender of delivery" as the point at which the period of limitations begins to run. Actual discovery of the breach is irrelevant in the usual case. This strict rule ensures that the seller will not have to account for its product or wares beyond "the normal commercial record keeping period," unless it explicitly agrees to do so. 13 Pa.C.S.A. § 2725, Uniform Commercial Code Official Comment. Section 2725 serves the interests of commercial uniformity and practicality even though it might bar some otherwise meritorious breach of warranty actions.

We therefore must reject the argument that a warranty necessarily extends to future performance merely because it contains promises regarding the manner in which the goods will perform after tender of deliver. The same argument applies to nearly all warranties. If we held that the warranty in this case "explicitly extended" to future

performance, we would allow the exception to swallow the rule. Commonplace warranties such as those which guarantee the number or quality of widgets a particular machine can produce or the number of pounds a particular truck can haul [6] all would "explicitly extend" to future performance. The drafters of the Code could not have intended this result. As we noted in *Ranker, supra* 342 Pa.Superior Ct. at 515, 493 A.2d at 709, parties must make a "clear and unambiguous expression" of their intent to extend warranties to cover future performance.[7] This reading of Section 2725 does not render Mack's warranty "meaningless." Mack remained open to any suit for breach brought within four years of tender. The drafters of the Code selected the four-year period of exposure "as the most appropriate to modern business practice." 13 Pa.C.S.A. § 2725, Uniform Commercial Code Official Comments.

We must also reject the related argument that a warranty necessarily extends to future performance when the aggrieved party cannot possibly discover the breach until after tender of delivery. Appellants rely heavily on the reasoning in *Perry v. Augustine*, 37 Pa.D. & C.2d 416 (Mercer 1965). *Perry* involved an allegedly defective heating system. The seller tendered delivery of the system in July, but had warranted that it would "be able to heat at 75° inside at a −20° outside temp." *Perry,* 37 Pa.D. & C.2d at 416. The court held that this warranty "explicitly extended" to future performance because discovery of a breach "would necessarily have to await winter weather." *Id.* at 418. Appellants argue that the same rationale applies to this case. We certainly agree that Mr. Haines and Mr. Patton could not reasonably have ascertained the condition of the steering mechanism before it failed. Nonetheless, Section 2725(b) provides that a cause of action

---

6. See, for example, the warranty at issue in *Conlan v. Ford Motor Co.,* 5 Pa.D. & C.3d 243 (Phila.1978).

7. We do not hold that this "clear and unambiguous expression" must appear on the face of the agreement. Under 13 Pa.C.S.A. § 2313, the warranty itself need not appear in written form. We therefore find no reason why the "explicit extension" of the warranty should so appear.

accrues "regardless of the aggrieved party's lack of knowledge of the breach." *See also Rufo v. Bastian-Blessing Co.*, 417 Pa. 107, 207 A.2d 823 (1965). As Judge Aldisert recognized in *O'Brien v. Eli Lilly & Co.*, 668 F.2d 704, 711 (3rd Cir.1981), the Commercial Code "expressly rejects a discovery rule similar to the one that has been developed for personal injury actions." [8] A cause of action accrues upon discovery of breach only if the warranty "explicitly extends" to future performance. Otherwise, the aggrieved party's knowledge or ability to know is irrelevant. The *Perry* rationale is therefore unpersuasive. *See* J. White & R. Summers, *supra* at 11–9 (criticizing *Perry* ). We do not venture an opinion on whether the warranty in *Perry* actually did extend to future performance of the heating system.[9] We reject only the proposition that a warranty *necessarily* extends to future performance when discovery of a breach must await some prospective event.

## III.

Appellants further argue that the trial court, in granting judgment on the pleadings, erroneously assumed that implied warranties of fitness and merchantability can never

---

**8.** In *O'Brien*, appellant claimed that her mother, while pregnant with appellant in 1956, had taken a drug manufactured by appellees. This allegedly cause appellant to contract cancer as a teenager. In Part IV of his opinion, Judge Aldisert concluded that Section 2725 barred appellant's breach of warranty claim. *See O'Brien*, 668 F.2d at 711–12. The warranties in question did not "explicitly extend" to future performance even though appellant could not possibly have discovered the breach before she contracted cancer. Although Judge Sloviter filed a concurring opinion and Judge Higginbotham dissented, neither took exception to Part IV of Judge Aldisert's opinion.

**9.** For examples of explicitly prospective warranties, see *Commissioners of Fire District No. 9 v. American La France*, 176 N.J.Super. 566, 424 A.2d 441 (App.Div.1980) (fire truck "guaranteed for one year"); *Daughtry v. Jet Aeration Co.*, 91 Wash.2d 704, 592 P.2d 631 (1979) (sewerage system would provide "no difficulty during the first 2 years of operation"); *U.S. Industries, Inc. v. Mitchell*, 148 Ga.App. 770, 252 S.E.2d 672 (1979) (poultry cages guaranteed for ten years); *Mittasch v. Seal Lock Burial Vault, Inc.*, 42 A.D.2d 573, 344 N.Y.S.2d 101 (1973) (burial vault warranted to give "satisfactory service at all times"); *Rempe v. General Electric Co.*, 28 Conn.Super. 160, 254 A.2d 577 (1969) ("life-time" warranty on garbage disposal).

"explicitly extend" to future performance. Appellants believe they could have proved to a jury that Mack's implied warranties were explicitly prospective. The trial court, however, never expressly addressed this issue in its opinion. In appellants' view, the court by its silence necessarily endorsed the proposition that the further performance exception of Section 2725(b) does not apply to implied warranties. We disagree with this interpretation of the trial court's holding.

Appellants' pleadings lack any allegations of fact that would place in issue whether Mack's implied warranties "explicitly extended" to future performance of the truck. Appellants claim that they raised the issue in their "Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings." As we noted earlier, however, when a court hears a motion for judgment on the pleadings, it must confine its inquiry to the pleadings and relevant documents. It cannot consider the contents of briefs and memoranda. *See Gallo, supra* 328 Pa.Super. at 270, 476 A.2d at 1324; *Del Quadro v. City of Philadelphia,* 293 Pa.Super. 173, 437 A.2d 1262 (1981). We have held that judgment on the pleadings is appropriate when the defendant has raised the statute of limitations in new matter and the pleadings reveal "no good reason for delaying the accrual of plaintiff's cause of action" beyond the usual accrual date. *Puleo v. Broad Street Hospital,* 267 Pa.Super. 581, 585, 407 A.2d 394, 396 (1979). Such is the case here. A breach of implied warranty claim, like a breach of express warranty claim, usually accrues upon tender of delivery. Appellants allege nothing in their pleadings that would except their cause of action from the usual rule. Thus, the grant of judgment on the pleadings in *this* case was proper, regardless of whether implied warranties can, as a general proposition, explicitly extend to future performance.[10]

**10.** We note, however, that "courts generally have held that the implied warranties of merchantability and fitness for a particular purpose cannot *explicitly* relate to future performance." *Klinger, supra* at 938 (emphasis in original). *See also* J. White & R. Summers, *supra* at

Appellants, however, cite *Klondike Helicopters, Ltd. v. Fairchild Hiller Corp.*, 334 F.Supp. 890 (N.D.Ill.1971), which, in *dicta*, appears to support the proposition that implied warranties of merchantability are by their nature explicitly prospective. The court in *Klondike Helicopters* reached the naked conclusion that "[i]t seems reasonable to expect a warranty of this nature to continue beyond the tender of delivery and extend for the life of the product." 334 F.Supp. at 893. We decline to embrace the *dicta* with which appellants bolster their third argument.

The plain language of Section 2725 applies to all warranties, whether expressed or implied. *See Williams v. West Penn Power Co.*, 502 Pa. 557, 467 A.2d 811 (1983) ("we are of the view that the four-year statute of limitations provided in the Code is applicable to all breach of warranty claims brought under the Code"). This means that, in the usual case, breach of implied warranty actions accrue when the seller tenders delivery. In *Rufo, supra* 407 Pa. at 113, 207 A.2d at 826, our supreme court held that appellant buyer's action for breach of implied warranties of fitness and merchantability accrued upon tender of delivery. The court without explanation concluded that the future performance exception did not apply in that case.[11] We find no reason, particularly in light of *Rufo*, for treating express and implied warranties differently under Section 2725. Certainly nothing about the "nature" of implied warranties renders them more likely to apply prospectively, notwithstanding appellants' assertion to the contrary.

§ 11–9 n. 73 ("implied warranty by nature cannot be explicit"). This, apparently, is the majority view among courts that have considered the issue. *See e.g., Holdridge v. Heyer-Schulte Corp. of Santa Barbara,* 440 F.Supp. 1088 (S.D.N.Y.1977) ("an implied warranty, by its very nature, cannot explicitly extend to future performance"); *Wright v. Cutler-Hammer, Inc.,* 358 So.2d 444 (Ala.1978) ("the terms 'explicit' and 'implied' are contradictory"); *General Motors Corp. v. Tate,* 257 Ark. 347, 516 S.W.2d 602 (1974) ("it does not seem logical that the Code intended that an *implied* warranty be explicitly extended to future performance").

11. The court did not consider whether the future performance exception can *ever* apply to implied warranties. *But see* note 10 *supra.*

## IV.

■ Appellants last contend that the limitations period on Commercial Code warranty actions by noncontracting third parties should not accrue until discovery of the breach. Mr. Haines and Mr. Patton, appellants argue, were complete strangers to the purchase agreement between Mack and Chemical Leaman. They participated in neither the tender nor the acceptance of the truck in 1977. Unlike Mack and Chemical Leaman, Mr. Haines and Mr. Patton could not possibly have discovered at the time of tender the defect in the truck's steering mechanism. Therefore, appellants maintain that if we start running the statutory clock against them from tender of delivery, we will preclude them from pursuing their breach of warranty remedies. This, they argue, will effectively restore the privity requirement that our supreme court so thoroughly eradicated in *Salvador v. Atlantic Steel Boiler Co.*, 457 Pa. 24, 319 A.2d 903 (1974) and *Williams v. West Penn Power Co., supra.* We disagree.

Appellants do not ask us to apply the statute of limitations for tort claims, 42 Pa.C.S.A. § 5524(2), with its attendant "discovery doctrine." Our supreme court in *Williams, supra,* made clear that the four-year Commercial Code period of limitations applies to all breach of warranty claims regardless of the degree to which the aggrieved party is related to the seller or the sale. Appellants therefore acknowledge that the four-year statute applies [12] but ask us to cut out of whole cloth an exception to the usual tender-of-delivery accrual date. This we cannot do.

Section 2725(b), we repeat, renders lack of knowledge irrelevant to the usual case. The cause of action accrues "regardless of the aggrieved party's lack of knowledge of the breach." We simply cannot ignore the plain meaning of this language. *See* 1 Pa.C.S.A. § 1921(b). Moreover, the

12. Of course, the two-year period of limitations for tort claims would not help appellants, even if it were to run from the date of discovery. Appellants did not file their actions within two years of the March 17, 1981 accident.

official commentary to Section 2725 reveals that the drafters had the realities of modern business practice in mind when they penned the Commercial Code's limitations provisions. In order to avoid the kind of uncertainty and lack of uniformity that would discourage commercial development, they expressly rejected a liberal discovery rule. A seller in the usual case can expect to account for defects in his product at any time within the four years following tender of delivery. To require an accounting beyond this period, in the absence of an explicit extension, would, in the drafters' view, unduly burden commerce. Thus, nothing in the plain language or purpose of Section 2725 justifies creation of an accrual-on-delivery exception for aggrieved parties who, like Mr. Haines and Mr. Patton, cannot possibly know the condition of goods at the time of tender.

*Williams v. West Penn Power Co., supra,* upon which appellants rely, does not affect our conclusion. In *Williams,* appellant urged that the lack of privity between appellant and appellee required application of the tort statute of limitations to appellant's breach of warranty action. Our supreme court disagreed and adamantly reaffirmed the notion first set forth in *Salvador v. Atlantic Steel Boiler Co., supra,* that the concept of privity does not belong in breach of warranty cases. In his opinion for a unanimous court, then-Justice Nix concluded that "[t]he extension of liability under the Code to persons not in privity with those in the chain of manufacture and marketing does not validate the application of the tort statute of limitations." *Williams, supra* 502 Pa. at 569–70, 467 A.2d at 817. The paramount lesson of *Williams* is that Section 2725 applies evenhandedly to all parties who bring breach of warranty claims under the Commercial Code. We decline appellants' invitation to ignore that lesson. We will not treat appellants differently than we would treat a purchaser or any other party in "privity" with Mack Trucks. Our decision denies appellants a remedy in this case, but denial of remedy is the price that all statutes of limitations exact from tardy litigants. Appellants allowed the statute to lapse on any tort claims that might have arisen from the

March 17, 1981 accident. They now seek to preserve their breach of warranty claims by asking us to adopt a strained and unnatural reading of Section 2725. While we sympathize with their plight, we are powerless to grant their request.

V.

For the foregoing reasons, we affirm the order of the Philadelphia Court of Common Pleas granting appellee's motion for judgment on the pleadings and dismissing appellants' complaint.

Order affirmed.