## Gwinn v. Empire State Chair Co.

C.P. of Lawrence County, no. 11082 of 1997, C.A.

*Phillip L. Clark Jr.,* for plaintiff.
*Robert L. Monks,* for defendants.

PRATT, *J.,* June 27, 2000—The plaintiff, Barry E. Gwinn, has filed this motion for judgment on the pleadings, pursuant to Pa.R.C.P. 1034, in regard to his breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose action against defendant, Budget Bar and Restaurant Equipment Company. The court has thoroughly reviewed the pleadings, including the original complaint and Budget Bar's answer and new matter, together with plaintiff's brief, and the instant motion, as well as all exhibits attached to the pleadings.

The plaintiff initiated this action by filing a complaint on November 26, 1997. Count II of the complaint alleges Budget Bar breached an implied warranty of merchantability when it sold to plaintiff dining chairs and bar stools for use in his restaurant and tavern trade which, subsequently, were not fit for such commercial use. Count IV of the complaint alleges Budget Bar breached an implied warranty of fitness for a particular purpose when Budget Bar, on whose skill and knowledge plaintiff relied to furnish such suitable goods, sold to plaintiff the subject chairs and stools which, subsequently, were not fit for use in plaintiff's commercial restaurant and tavern establishment. The plaintiff further avers that, as a

result of the breach, plaintiff has suffered damages in the amount of $6,162.84.

On July 21, 1999, Budget Bar filed an "answer and new matter pursuant to Pa.R.C.P. 2252(d)," in which Budget Bar failed to specifically respond to the allegations in plaintiff's complaint and, instead, made the following four general allegations:

"(1) the plaintiff has been using the equipment in his place of business since 1996;

"(2) the plaintiff bought this equipment because of style;

"(3) the defendant does not manufacture restaurant equipment or furniture; and

"(4) the defendant Empire State Chair Company made an offer to the plaintiff for an exchange, which the plaintiff unreasonably and unrealistically refused." (See Budget Bar's answer and new matter, pp. 1-2.)

After filing a reply to Budget Bar's answer and new matter, plaintiff filed his instant motion for judgment on the pleadings contending that Budget Bar's answer and new matter did not deny any of the allegations raised in plaintiff's complaint pertaining to the averments that Budget Bar breached an implied warranty of merchantability and an implied warranty of fitness for a particular purpose. The court agrees.

In order to establish a breach of an implied warranty of merchantability, the plaintiff must show that the goods sold are not merchantable inasmuch as they are not fit for the ordinary purpose for which such goods are used. 13 Pa.C.S. §2314(a)(3).

In *Gall v. Allegheny County Health Department*, 521 Pa. 68, 555 A.2d 786 (1989), the Pennsylvania Supreme Court recognized "[t]he concept of 'merchantability'

does not require that the goods be the best quality . . . or the best obtainable, . . . but it does require that they have an inherent soundness which makes them suitable for the purpose for which they are designed, . . . that they be free from significant defects, that they perform in the way that goods of that kind should perform . . . and that they be of reasonable quality within expected variations and for the ordinary purpose for which they are used." *Id.* at 75, 555 A.2d at 789-90. (citations omitted)

An implied warranty of fitness for a particular purpose is breached when a seller, on whose skill and judgment a buyer relies and who has reason to know, at the time of contracting, the particular purpose for which the goods are required, fails to provide goods that perform to the specific use contemplated by the buyer. *Id.* at 76, 555 A.2d at 790; *Hoak v. Wertz*, 1 D.&C.3d 196 (1974).

A motion for judgment on the pleadings is a pretrial mechanism utilized to save the parties the expense of going to trial by allowing the court to examine the legal sufficiency of the case. *DiAndrea v. Reliance Savings and Loan Association*, 310 Pa. Super. 537, 543, 456 A.2d 1066, 1069 (1983). The motion should be granted only when no issues of material fact exist in the case, and the law is so clear that a trial would be fruitless. *Commonwealth by Preate v. Rainbow Associates Inc.*, 138 Pa. Commw. 56, 59, 587 A.2d 357, 359 (1991); *Commonwealth v. Seymour*, 120 Pa. Commw. 423, 549 A.2d 246 (1988). When determining whether a motion for judgment on the pleadings should be granted, the court's inquiry is limited to the pleadings and relevant documents, such as exhibits attached to the pleadings. See *Del Quadro v. City of Philadelphia*, 293 Pa. Super. 173, 176-77, 437 A.2d 1262, 1263 (1981); *Patton v. Mack Trucks*

*Inc.,* 360 Pa. Super. 1, 519 A.2d 959 (1986), *appeal denied,* 515 Pa. 623, 531, A.2d 431 (1987).

The issue this court must address in considering plaintiff's motion for judgment on the pleadings is whether the responses made by Budget Bar in its answer and new matter conform to the mandates of Pa.R.C.P. 1029(b), which provides: "[a]verments in a pleading in which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or demand for proof, except as provided by subdivision (c) and (e) of this rule, shall have the effect of an admission."

A denial is specific, if it denies the fact averred and affirmatively avers that which did or did not occur instead of the fact averred. *Sincavage v. Howells,* 8 D.&C.2d 515, 517 (1957). "To determine if an answer is a general denial under [Pa.R.C.P.] 1029(b), the court must examine the pleadings as a whole." *Preate* at 61, 587 A.2d at 360.

Responses which are merely general denials of allegations are not sufficient and, in such a case, the allegations will be deemed admitted. See *Swift v. Milner,* 371 Pa. Super. 302, 308-309, 538 A.2d 28, 31 (1988); *Acme Cotton Products Co. Inc. v. Michael McDonough Inc.,* 61 D.&C.2d 608, 610 (1972).

In applying Pa.R.C.P. 1029(b) to this case, the court observes that Budget Bar in its answer and new matter did not affirmatively aver what occurred in place of the facts alleged by plaintiff in the complaint. Budget Bar's responses fail to make clear which facts are being denied, such that, it is unclear from Budget Bar's responses whether it is denying all or part of each paragraph in plaintiff's complaint. The numbers of the paragraphs in

the answer and new matter do not correspond to the numbers of the paragraphs in the complaint. Furthermore, Budget Bar, in its new matter, fails to allege any affirmative defenses pursuant to Pa.R.C.P. 1030 or Pa.R.C.P. 2252(d).

The court concludes Budget Bar failed to properly respond to the allegations of the complaint as prescribed by Pa.R.C.P. 1029(b) and, therefore, all allegations and averments in the complaint regarding Budget Bar's breach of an implied warranty of merchantability and an implied warranty of fitness for a particular purpose are deemed admitted and, as a result, there are no genuine issues of material fact to be decided.

Accordingly, the court shall enter an order granting plaintiff's motion for judgment on the pleadings against defendant Budget Bar Restaurant and Equipment Company, as to Counts II and IV of plaintiff's complaint.

## ORDER

In accordance with the accompanying opinion, the motion for judgment on the pleadings of the plaintiff, Barry E. Gwinn t/d/b/a B.G. Starwood Inc., is granted, and judgment is entered in favor of the plaintiff, Barry E. Gwinn t/d/b/a B.G. Starwood Inc., against the defendant, Budget Bar and Restaurant Equipment Company, as to Counts II and IV of plaintiff's complaint.