J-S33013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF CHICKEE YOFFE, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: LORI YOFFE | : | |
| | : | No. 690 EDA 2025 |

Appeal from the Order Entered February 4, 2025
In the Court of Common Pleas of Montgomery County
Orphans' Court at No(s):  2022-X2610

BEFORE:  BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 21, 2025**

Lori Yoffe appeals the order that granted the motion for judgment on the pleadings filed by her siblings Seth Yoffe and Eve Rosen and dismissed her petition against them alleging claims of breach of contract, breach of fiduciary duty, and unjust enrichment.  We affirm.

Lori, Seth, and Eve, along with their brother, Josh Yoffe, are the four children of Chickee Yoffe, who died in June 2022.[1]  Chickee had been adjudicated to be a totally incapacitated person in December 2018.  The court appointed Eve as guardian of her person, while Josh served as guardian of her estate and trustee of her revocable living trust.  In early 2021, Lori sued her siblings raising challenges to their stewardship and the hospice care Chickee was receiving.  Josh responded by filing a petition seeking approval for the

_____

[1] For ease of discussion, since most of the individuals involved have the same surname, we refer to them solely by their first names after their initial identification.

payment of his attorney fees to defend the Florida action, as well as for them to ultimately be assessed against Lori personally.

The parties resolved their disputes by way of a December 2021 Settlement Agreement. Pursuant thereto, Lori and Josh each agreed to dismiss their pending actions. Josh and Eve acquiesced to finding a new hospice facility for Chickee and to ensuring that Lori's visitation would be curtailed only by generally-applicable restrictions. Additionally, Josh was to terminate the trust, and, in his role as guardian, satisfy a questionable mortgage from Chickee to Lori, Eve, and Seth that, despite a prior title search, was only discovered after the trust sold the property in question.

Pertinent to this appeal, Lori assented to the following release provision:

> Except for any claims relating to a breach of the terms contained in this Settlement Agreement, Lori, for herself and her assigns, successors-in-interest, predecessors-in-interest, attorneys, representatives, and agents (collectively, the "Lori Releasors") hereby releases and discharges **all claims**, debts, demands, causes of action, suits, damages, obligations, costs, fees, losses, expenses, compensation, and liabilities **whatsoever**, at law or in equity, **known or unknown**, asserted or unasserted, **contingent or accrued**, discovered or undiscovered, **which occurred or existed at any time from the beginning of time to the date of the execution** of this Agreement by all parties, that the Lori Releasors have or could have asserted against Josh, Eve, or Seth individually, Josh in his capacity as guardian of the estate or trustee of the trust, or Eve in her capacity as guardian of the person (the "Josh/Eve/Seth Parties"), or the Josh/Eve/Seth Parties' spouses, children, assigns, successors-in-interest, predecessors-in-interest, attorneys, representatives, and agents (the "Josh/Eve/Seth Released Parties"). In connection with this Release, the Lori Releasors expressly acknowledge that they have received all necessary disclosures and financial information pertaining to the trust and guardianship estate to evaluate and enter into this release.

Settlement Agreement at ¶ 3 (emphases added, some capitalization altered).[2]

Josh, Eve, and Seth reciprocally released claims against Lori.  *Id*. at ¶ 4.

After Chickee's death, Josh submitted her October 22, 2014 will for probate and petitioned for letters testamentary, which the register of wills granted.   On April 27, 2023, Josh filed an account and a petition for adjudication.  In the latter, he sought approval of the Settlement Agreement and its provision for the termination of the trust and confirmation that Chickee's estate would be distributed in equal shares to her four children, as the trust had provided.  He also asked the court to determine the applicability of a November 14, 1998 handwritten letter from Chickee that Lori's counsel forwarded to Josh's counsel.   The letter, addressed to the four children collectively, stated:

> On 11-9-98 I gave Eve $75,000 to invest in the Vanguard Index Fund S&P 500.  I asked her to give Seth 1/2 of it to do the same.
>
> Seth on 11-14-98 asked me to put it in writing so there would be no question on Josh's & Lori's mind of the amount & my wishes.
>
> I have asked Eve & Seth to split it 4 ways equally when I go in my cutesy little dress & Chanel #5.
>
> I love you,
> Mom
> Chickee Yoffe

Petition for Adjudication, 4/27/23, at 15 (pursuant to the court's pagination).

---

[2] The Settlement Agreement is found within the certified record in Seth and Eve's Answer With New Matter, 11/14/24, at Exhibit A.

While Lori took the position that the letter was a codicil to the will, Josh disagreed, citing the fact that it was written years before the will and not mentioned therein. *Id*. Josh further observed that the assets, if they had been transferred, which no evidence suggested had occurred, were not subject to probate and constituted a completed gift that could not be altered after the transfer. *Id*. Lori filed a response agreeing that the 1998 letter did not raise a probate issue, and that the court should "instead leave that issue to be addressed by an appropriate court if Lori chooses to file a separate action related to the letter." Objections, 7/2/23, at 3 (some capitalization altered).

Lori indeed elected to file a separate action, doing so in the civil division of the Montgomery County Court of Common Pleas. That court transferred the matter to the orphans' court division with directions that Lori file a petition at the above-captioned docket. She did so on October 31, 2024, pleading the aforementioned claims and demanding that Eve and Seth account for the invested funds from 1998 to the present, and pay her 25% plus interest, costs, and attorney fees.

Eve and Seth filed a response raising, *inter alia*, the affirmative defense of release, asserting that Lori's claims were barred by the Settlement Agreement. Lori did not deny the validity of the Agreement, but countered that she had released only existing claims, not any that arose after the date of the Agreement. Eve and Seth moved for judgment on the pleadings, maintaining that Lori released any claims related to the 1998 letter. The

orphans' court agreed, granted the motion, and dismissed Lori's petition with prejudice.

This timely appeal followed. Both Lori and the orphans' court complied with their respective Pa.R.A.P. 1925 obligations. Lori presents us with the following questions: (1) "Did the orphans' court err in determining that no genuine issue of fact existed and granting judgment on the pleadings?" and (2) "Did the orphans' court err in determining that the 2021 Settlement Agreement constituted a release of the claims asserted in [Lori's] petition?" Lori's brief at 2.

The following principles govern our consideration of these issues:

> Our standard of review of the trial court's grant of judgment on the pleadings is *de novo* and our scope of review is plenary. Judgment on the pleadings is properly entered where the pleadings and documents admitted in the pleadings establish that there are no disputed issues of fact and that the defendant is entitled to judgment as a matter of law, or where accepting the well-pleaded factual averments of the plaintiff's complaint as true, the defendant is entitled to judgment as a matter of law.

***Mut. Benefit Ins. Co. v. Koser***, 318 A.3d 937, 940–41 (Pa.Super. 2024) (cleaned up). The tenets of contract law govern interpreting and applying the terms of settlement agreements. When the writing contains an integration clause, parol evidence is not admissible to avoid the clear and unambiguous language of the agreement in the absence of allegations that a term was omitted due to fraud, accident, or mistake. ***See***, ***e.g.***, ***Yocca v. Pittsburgh Steelers Sports, Inc.***, 854 A.2d 425, 437 (Pa. 2004). Where a matter turns upon the construction of a written contract, a determination by the court on a

motion for judgment on the pleadings is proper. *See Sch. Express, Inc. v. Upper Adams Sch. Dist.*, 303 A.3d 186, 198 (Pa.Cmwlth. 2023) (citing *DiAndrea v. Reliance Savings & Loan Association*, 456 A.2d 1066, 1071 (Pa.Super. 1983)).

Upon review of the applicable law, the parties' briefs, and the certified record, we agree with the ruling of the orphans' court that the instant claims are barred by the 2021 Settlement Agreement, and we affirm the dismissal of Lori's petition on the basis of the well-reasoned opinion that Honorable Lois E. Murphy entered on May 5, 2025.

Specifically, viewing the allegations of the pleadings in the light most favorable to Lori, the orphans' court properly construed the unambiguous language of the Settlement Agreement as broadly releasing any and all claims, known and unknown, that existed at the time the agreement was reached, including not only those that had accrued against Eve and Seth, but also contingent claims those that might accrue in the future. **See** Orphans' Court Opinion, 5/5/25, at 4-5. Since Lori executed a fully-integrated contract, she cannot create an issue of fact by asserting that parol evidence would show that her understanding of the scope of the release was different than what the language of the instrument provides. *Id*. at 6. Lori further acknowledged in the Settlement Agreement that she had received all pertinent information about Chickee's finances, and failed to plead facts suggesting her assent had been procured by accident, mistake, or fraud. *Id*. at 4.

For these reasons, there was no viable avenue for Lori to obtain the relief she requested. **Accord Yocca**, 854 A.2d at 438. Therefore, we conclude that the orphans' court properly granted the motion for judgment on the pleadings and dismissed her petition, and affirm its order on the basis of its May 5, 2025 opinion, which the parties shall attach hereto in the event of further proceedings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/21/2025</u>