**Grugnale v. Tymosky**

*Nicholas Fick,* for plaintiffs.

*Anthony J. Piazza,* for defendants Tymosky and Matczak.

*Lynanne B. Wescott,* for defendants Hearth-N-Home Technologies Inc. and HON Industries Inc.

50

*Anne Manero,* for defendant S&T Coombe Inc.

*William E. Schaefer,* for defendant SIT Controls USA Inc.

MINORA, *J.,* May 27, 2010—

## I. INTRODUCTION

Currently before the court are potentially dipositive motions for summary judgment filed on behalf of defendants, SIT Controls USA Inc., Hearth-N-Home Technologies Inc., HON Industries Inc. and S&T Coombe Inc. Since the potentially case dispostive authority from the case of *Burnish v. KWI Building Company,* 602 Pa. 402, 980 A.2d 535 (2009) dealing with the "malfunction theory" of products liability was not decided until more than two years after the court's scheduling order summary judgment deadline, judicial economy and efficiency require us to closely examine and consider this recent and relevant case law and its impact on bringing our case to trial. See generally, *DiAndrea v. Reliance Savings and Loan Association,* 310 Pa. Super. 537, 456 A.2d 1066 (1983).

By way of background, this is a products liability action brought by the plaintiffs, Michael W. Grugnale and Jackie Grugnale, his wife. Plaintiff Michael Grugnale sustained injuries working in the course and scope of his employment with Suburban Propane while hooking up the propane gas tanks and attempting to light a brand new stove/fireplace at the home of defendants George Tymosky and Annette Matczak. The new stove in question was identified as the Quadra-fire "Topaz" model gas fireplace/stove. Plaintiff avers that he sustained in-

juries as a result of this accident including cuts to his face and eyes, as well as permanently impaired vision.

Several defendants are identified and described in the plaintiffs' complaint. They are defendants George Tymosky and Annette Matczak, residents of 308 Sky Drive, Lake Harmony, Pennsylvania and 122 Shewell Drive, Doyelstown, Pennsylvania. Defendant Matczak is listed as the owner of the property at 308 Sky Drive, Lake Harmony, the location of the defective product at the time of injury.

Defendants Hearth-N-Home Technologies Inc. and HON Industries Inc., the stove manufacturer, are business entities and/or corporations organized and existing under the laws of the state of Iowa, with a registered office at 414 E. Third Street, P.O. Box 1109, Muscatine, Iowa.

Defendant S&T Coombe Inc., distributor of the stove, is a business entity and/or corporation organized under the laws of the Commonwealth of Pennsylvania, with a registered office located at Route 940, P.O. Box 599, Blakeslee, Pennsylvania.

Defendant Advantage Contracting, the stove installer, is a business entity or corporation organized under the laws of the Commonwealth of Pennsylvania with a registered location at P.O. Box 71, Delaware Water Gap, Pennsylvania.

Defendant SIT Controls USA Inc.[1] is a business entity and/or corporation organized and existing under the

---

1. Plaintiffs complaint identified SIT Controls USA Inc. as the manufacturer of the gas control valve in the subject stove. Defendant SIT Controls USA Inc. identified itself as the distributor of the Nova pressure regulator. Plaintiffs and defendant SIT Controls disagree on whether SIT was manufacturer or distributor of the valve.

laws of the state of North Carolina with a registered office located at 900 Center Park Drive, Suite J, Charlotte, North Carolina.

Defendant homeowners Tymosky and Matczak allegedly purchased the subject stove from S&T Coombe on September 28, 2003. S&T Coombe converted the stove from natural gas to propane. The events that occurred on the morning of the incident giving rise to the current action were provided as follows. Plaintiff Michael Grugnale was called to the residence of defendant Tymsoky and defendant Matczak on December 24, 2003 to address a problem with the fireplace/stove. Plaintiff Michael Grugnale and his co-worker went to defendant Matczak's residence to install two propane tanks, and connect them to the residence. Defendant Tymosky allegedly advised plaintiff and his co-worker where the tanks should be placed. Defendant Tymosky showed plaintiff a "feed line" that defendant Tymosky installed. The feed line ran to the other side of the house via the front lawn. Plaintiff states that he and his co-worker connected the propane tanks together and installed a regulator where the propane left the tanks. After the propane tanks were connected and the regulators installed, plaintiff alleges that everything was pressure-checked and there were no problems.

Plaintiff and his co-worker had subsequently determined the feed line that defendant Tymosky installed was too small to carry the necessary gas load to the stove, due to the size of the piping and the length of the run. They decided to install a second stage regulator on the left side of the residence just before piping entered the residence. Mr. Grugnale cut the copper tubing and in-

stalled the second stage regulator with all appropriate pressure tests being performed. At that point, as plaintiff alleges, all of the appropriate testing had been done with the tanks, showing no problems. Plaintiff states the pressures were recorded and all were within normal limits.

Plaintiff then entered the residence and requested the stove's owners' manual from defendant Tymosky. According to the plaintiff, defendant Tymosky stated that the owners' manual was at his other residence (located in the Doylestown area). Plaintiff alleged that the stove had been connected to the gas line, and stove installation/connection was previously done by defendant Advantage Contracting.

Plaintiff Grugnale then attempted to light the stove by depressing the pilot button and hitting the ignitor. Plaintiff stated that according to his recollection, he hit the ignitor two or three times in an estimated three to five second time period. Plaintiff stated that he heard a clicking but was not sure whether the stove was lighting. Thereafter, he leaned forward to determine whether the ignitor was creating a spark, he again struck the ignitor and the stove exploded. Plaintiff, Michael W. Grugnale, stated that his injuries were the result of the explosion and flying glass, other equipment and debris that flew through the room.

On October 20, 2004, the plaintiffs filed a multi-count complaint sounding in products liability with causes of action for breach of express warranty, breach of implied warranties, merchantability and fitness for a particular purpose, negligence and strict liability under section 402A of the Restatement of Torts.

54

After much pretrial discovery and an ensuing motion for summary judgment filed by defendant, S&T Coombe and joined by other defendants, the court issued a memorandum and order dated October 10, 2007 granting summary judgment in favor of defendants, S&T Coombe, Hearth-N-Home Technologies Inc., HON Industries Inc. and SIT Controls USA Inc. to plaintiffs' cause of action for negligence.

Plaintiffs' cause of action under strict liability section 402A was limited to plaintiffs' claim based on the malfunction theory of products liability. (See order of October 10, 2007 per Judge Minora filed October 11, 2007.)

After much pretrial wrangling and delay, the court issued a pretrial conference and trial date attachment order dated February 17, 2009 which ultimately set a firm trial date for Monday, June 7, 2010 at 9:30 a.m.

On November 20, 2009, the undersigned issued an order which inter alia reiterated the fact plaintiff was proceeding on the malfunction theory under section 402(A) strict liability.

We also note that previously on February 16, 2005 the Honorable Senior Judge S. John Cottone issued an order dismissing causes of action "1", "2", "3" and "5" dealing with breach of warranties and strict liability against the defendants George Tymosky and Annette Matczak.

The end result is that plaintiffs are now left with proceeding against the business entities under a malfunction theory under section 402(A) strict liability and the relevant case law controlling that issue must apply to the posture and the facts of this case.

Since the record and the fully developed case law are now ripe to render a dispositive decision, we will consider the motions for summary judgment of defendants SIT Controls USA Inc., Hearth-N-Home Technologies Inc., HON Industries Inc. and S&T Coombe Inc. based on their contention that *Burnish v. KWI Building Company, supra* is controlling.

## II. ISSUE

Are the defendants, SIT Controls USA Inc. and Hearth-N-Home Technologies Inc., HON Industries Inc. and S&T Coombe Inc. entitled to summary judgment as a matter of law because the plaintiffs cannot maintain a cause action under section 402(A) strict liability and the malfunction theory in the case at hand due to the recent case of *Barnish v. KWI Building Company,* 602 Pa. 402, 980 A.2d 535 (2009)?

### *The General Standard for a Motion for Summary Judgment*

Our analysis begins with our standard and scope of review. The Pennsylvania Rules of Civil Procedure that govern summary judgment instruct in relevant part, that the court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. See Pa.R.C.P. 1035.2(1).

"Under the rules, a motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering

the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant judgment only where the right to such a judgement is clear and free from doubt." See *Toy v. Metropolitan Life Insurance Company,* 593 Pa. 20, 34, 928 A.2d 186, 194-95 (2007). (internal citations omitted) See also, *LJL Transportation Inc. v. Pilot Air Freight Corporation,* 599 Pa. 546, 962 A.2d 639 (2009); *Grugnale v. Tymosky,* 2 D.&C.5th 1, 12 (Lacka. Cty. 2007).

With those reviewing principles in mind, we must now examine whether this extensive record can support a claim under section 402(A) strict liability and the "malfunction theory" as set forth in the recent Supreme Court case of *Barnish v. KWI Building Company, supra.*

## III. DISCUSSION

*The Barnish Case and Its Application
to the Case at Hand*

Despite plaintiffs' counsel's valiant efforts to take this case to a jury, the facts of this extensive record and the recent principles set forth in *Barnish v. KWI Building Company,* 602 Pa. 402, 980 A.2d 535 (2009) do not support a prima facie case of malfunction theory where multiple admissions exist indicating that plaintiff, Michael W. Grugnale was using the alleged defective product in violation of the product directions and/or warnings. See *Barnish v. KWI Building Company, supra* at 412-13, 980 A.2d at 542.

This is so because "no reasonable jury can infer that an unspecified defect caused a malfunction when the more likely explanation is the abnormal use." *Id.*

Plaintiffs' malfunction theory strict liability claim cannot withstand summary judgment because Michael W. Grugnale's sworn deposition testimony unequivocally establishes that he failed to adhere to the Quadra-fire's product directions and warnings.

Specifically, Mr. Grugnale was an experienced installer of propane tanks (approximately 1,000 times) who knew Quadra-Fire came with instructions and warnings and had even seen a Quadra-Fire manual maybe once or twice at another customer's house prior to this accident. (Grugnale dep. at pp. 52 and 89.)

He knew that each unit and ignition system was different and he never consulted the installation instructions. (See Grugnale dep. at pp. 30, 35, 96.)

Mr. Grugnale even admitted that lighting instructions are contained on a tag affixed to the stove. (Grugnale dep. at p. 69, exhibit p. 2.)

Despite this, Mr. Grugnale failed to comply by his own admission to all five on lighting instructions summarized as follows:

(1) Failed to read the safety information provided on the lighting instructions label and manual;

(2) Failed to set the thermostat to the lowest setting and turn off the switch at the control panel;

(3) Failed to open the door of the appliance and/or remove the face/front first before beginning his work;

(4) Failed to turn the gas control knob to the off position; and

(5) Conducted a pressure test with the gas supply connected. (See Grugnale dep. at pp. 65, 66, 67, 68; exhibit p. 1 to Grugnale dep. at p. 36; Grugnale dep. at pp. 140-41.)

Therefore, there is no dispute of material facts that Michael Grugnale, despite his long experience in working on propane installation, failed to adhere to the Quadra-Fire lighting and instruction manual. His own above noted party admissions clearly establish therefore, without contradiction, the Michael W. Grugnale abnormally used the product and created reasonable secondary causes for his accident.

The facts of this case are in all relevant respects identical to those at issue in the *Barnish* case. In *Barnish,* the plaintiff pursued a strict liability action against the manufacturer of a spark detection system. The malfunction of that system, plaintiffs alleged, caused an explosion and fire which led to the plaintiff's injuries. "Plaintiffs proceeded under the 'malfunction theory' which allows for proof of strict product liability claims through circumstantial evidence." *Barnish v. KWI Building Company, supra* at 410, 980 A.2d at 540.

The *Barnish* court recognized that Pennsylvania allows a plaintiff pursuing a section 402(A) strict products liability claim to "prove a defect . . . with evidence of the occurrence of a malfunction *and* with evidence eliminating abnormal use or reasonable, secondary causes for the malfunction." *Barnish v. KWI Building Company, supra* at 412, 980 A.2d at 541. (emphasis added)

The *Barnish* court analogized to "the logic of res ipsa loquitor" but also pointed out that the malfunction requirements still must "correlate with the three elements of a standard section 420(A) claim." *Id.*

Specifically, the "occurrence of a malfunction" requirement in such a case is merely circumstantial evidence that the product had a defect, "even though the defect cannot be identified." *Id.*

Second, evidence "eliminating abnormal use or reasonable secondary causes" helps to establish the first element—the existence of a defect. *Id.* It is the *absence of* "other potential causes for the malfunction" that would allow the jury to "infer the existence of [a] defect from the fact of a malfunction." *Id.* at 412, 980 A.2d at 541. See also, *Mracek v. Bryn Mawr Hospital,* 2010 WL 318372 (3d Cir. 2010).

Thus, again the law is clear that "a plaintiff does not present a prima facie malfunction theory case if the plaintiff's theory of the case includes facts indicating that the plaintiff was using the product in violation of the product directions and/or warnings." *Barnish, supra* at 413, 980 A.2d at 542.

Unfortunately for plaintiffs, our record shows there are no material facts in dispute to dispel the harsh reality that Michael W. Grugnale, an experienced propane installer failed to follow the directions/warnings attendant to the Quadra-Fire manual lighting and installation instructions. As noted, Grugnale's own admission did not eliminate abnormal use or reasonable secondary causes for the malfunction. In fact he established them.

Therefore, summary judgment must be granted in favor of defendants Hearth-N-Home Technologies Inc. and HON Industries Inc.

Summary judgment must also be granted for the same reasons in favor of defendants SIT Controls USA Inc. and S&T Coombe Inc.[2]

*Addendum to Memorandum*

The court has also been flooded with a variety of motions in limine. Obviously, those involving SIT Controls USA Inc., Hearth-N-Home Technologies Inc. HON Industries Inc. and S&T Coombe Inc. are now rendered moot by our favorable dispositions of their motions for summary judgment.

To the extent, the remaining motions in limine apply to any remaining defendants, they are denied as they collectively attempt to have the court invade the province of the jury as to the credibility issues or various expert witness and the weight given their testimony. Ultimately, this is for the jury to decide and this court has and always will be reluctant to take those issues of weight and credibility from a jury through the misuse of motions in limine. (See for example, *Kuna v. Lake Sheridan Cottagers Association,* 2 D&C.5th 290 (Lacka. Cty. 2007).[3]

We will issue a comprehensive order.

---

2. The motions for summary judgment of SIT Controls USA Inc. and S&T Coombe Inc. are a mirror image of Hearth-N-Home Technologies, Inc. and HON Industries Inc.'s motion with the even added contention that Michael W. Grugnale admits he never wore safety glasses in further violation of safety instructions. (See exhihits "D" and "E" to SIT Controls USA, Inc. motion for summary judgment.)

3. While this memorandum was being prepared, the court was informed that defendants Tymosky and Matczak have settled via a joint tort-feasor release.

## ORDER

And now, May 27, 2010, upon due consideration of the dispostive motions for summary judgment of defendants SIT Controls USA Inc. and Hearth-N-Home Technologies Inc., HON Industries Inc. and S&T Coombe Inc. based on the recent authority of *Barnish v. KWI Building Company, supra,* and in accordance with the foregoing memorandum, it is hereby ordered and decreed that said motions for summary judgment are granted and the case against the defendants SIT Controls USA Inc. and Hearth-N-Home Technologies Inc., HON Industries Inc. and S&T Coombe Inc. is dismissed with prejudice.

In addition, all outstanding motions in limine involving SIT Controls USA Inc. and Hearth-N-Home Technologies Inc., HON Industries Inc. and S&T Coombe Inc. are rendered moot.

Any remaining motions in limine that apply to any remaining defendants are denied as they attempt to invade the province of the jury.

The only remaining plaintiffs' claim is a negligence based cause of action against the stove installer defendant Advantage Contracting.