J-S33013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF CHICKEE YOFFE, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: LORI YOFFE | : | |
| | : | No. 690 EDA 2025 |

Appeal from the Order Entered February 4, 2025
In the Court of Common Pleas of Montgomery County
Orphans' Court at No(s):  2022-X2610

BEFORE:  BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 21, 2025**

Lori Yoffe appeals the order that granted the motion for judgment on the pleadings filed by her siblings Seth Yoffe and Eve Rosen and dismissed her petition against them alleging claims of breach of contract, breach of fiduciary duty, and unjust enrichment.  We affirm.

Lori, Seth, and Eve, along with their brother, Josh Yoffe, are the four children of Chickee Yoffe, who died in June 2022.[1]  Chickee had been adjudicated to be a totally incapacitated person in December 2018.  The court appointed Eve as guardian of her person, while Josh served as guardian of her estate and trustee of her revocable living trust.  In early 2021, Lori sued her siblings raising challenges to their stewardship and the hospice care Chickee was receiving.  Josh responded by filing a petition seeking approval for the

_____

[1] For ease of discussion, since most of the individuals involved have the same surname, we refer to them solely by their first names after their initial identification.

payment of his attorney fees to defend the Florida action, as well as for them to ultimately be assessed against Lori personally.

The parties resolved their disputes by way of a December 2021 Settlement Agreement. Pursuant thereto, Lori and Josh each agreed to dismiss their pending actions. Josh and Eve acquiesced to finding a new hospice facility for Chickee and to ensuring that Lori's visitation would be curtailed only by generally-applicable restrictions. Additionally, Josh was to terminate the trust, and, in his role as guardian, satisfy a questionable mortgage from Chickee to Lori, Eve, and Seth that, despite a prior title search, was only discovered after the trust sold the property in question.

Pertinent to this appeal, Lori assented to the following release provision:

> Except for any claims relating to a breach of the terms contained in this Settlement Agreement, Lori, for herself and her assigns, successors-in-interest, predecessors-in-interest, attorneys, representatives, and agents (collectively, the "Lori Releasors") hereby releases and discharges **all claims**, debts, demands, causes of action, suits, damages, obligations, costs, fees, losses, expenses, compensation, and liabilities **whatsoever**, at law or in equity, **known or unknown**, asserted or unasserted, **contingent or accrued**, discovered or undiscovered, **which occurred or existed at any time from the beginning of time to the date of the execution** of this Agreement by all parties, that the Lori Releasors have or could have asserted against Josh, Eve, or Seth individually, Josh in his capacity as guardian of the estate or trustee of the trust, or Eve in her capacity as guardian of the person (the "Josh/Eve/Seth Parties"), or the Josh/Eve/Seth Parties' spouses, children, assigns, successors-in-interest, predecessors-in-interest, attorneys, representatives, and agents (the "Josh/Eve/Seth Released Parties"). In connection with this Release, the Lori Releasors expressly acknowledge that they have received all necessary disclosures and financial information pertaining to the trust and guardianship estate to evaluate and enter into this release.

Settlement Agreement at ¶ 3 (emphases added, some capitalization altered).[2]

Josh, Eve, and Seth reciprocally released claims against Lori. *Id*. at ¶ 4.

After Chickee's death, Josh submitted her October 22, 2014 will for probate and petitioned for letters testamentary, which the register of wills granted. On April 27, 2023, Josh filed an account and a petition for adjudication. In the latter, he sought approval of the Settlement Agreement and its provision for the termination of the trust and confirmation that Chickee's estate would be distributed in equal shares to her four children, as the trust had provided. He also asked the court to determine the applicability of a November 14, 1998 handwritten letter from Chickee that Lori's counsel forwarded to Josh's counsel. The letter, addressed to the four children collectively, stated:

> On 11-9-98 I gave Eve $75,000 to invest in the Vanguard Index Fund S&P 500. I asked her to give Seth 1/2 of it to do the same.
>
> Seth on 11-14-98 asked me to put it in writing so there would be no question on Josh's & Lori's mind of the amount & my wishes.
>
> I have asked Eve & Seth to split it 4 ways equally when I go in my cutesy little dress & Chanel #5.
> > I love you,
> > Mom
> > Chickee Yoffe

Petition for Adjudication, 4/27/23, at 15 (pursuant to the court's pagination).

---

[2] The Settlement Agreement is found within the certified record in Seth and Eve's Answer With New Matter, 11/14/24, at Exhibit A.

While Lori took the position that the letter was a codicil to the will, Josh disagreed, citing the fact that it was written years before the will and not mentioned therein. *Id*. Josh further observed that the assets, if they had been transferred, which no evidence suggested had occurred, were not subject to probate and constituted a completed gift that could not be altered after the transfer. *Id*. Lori filed a response agreeing that the 1998 letter did not raise a probate issue, and that the court should "instead leave that issue to be addressed by an appropriate court if Lori chooses to file a separate action related to the letter." Objections, 7/2/23, at 3 (some capitalization altered).

Lori indeed elected to file a separate action, doing so in the civil division of the Montgomery County Court of Common Pleas. That court transferred the matter to the orphans' court division with directions that Lori file a petition at the above-captioned docket. She did so on October 31, 2024, pleading the aforementioned claims and demanding that Eve and Seth account for the invested funds from 1998 to the present, and pay her 25% plus interest, costs, and attorney fees.

Eve and Seth filed a response raising, *inter alia*, the affirmative defense of release, asserting that Lori's claims were barred by the Settlement Agreement. Lori did not deny the validity of the Agreement, but countered that she had released only existing claims, not any that arose after the date of the Agreement. Eve and Seth moved for judgment on the pleadings, maintaining that Lori released any claims related to the 1998 letter. The

orphans' court agreed, granted the motion, and dismissed Lori's petition with prejudice.

This timely appeal followed. Both Lori and the orphans' court complied with their respective Pa.R.A.P. 1925 obligations. Lori presents us with the following questions: (1) "Did the orphans' court err in determining that no genuine issue of fact existed and granting judgment on the pleadings?" and (2) "Did the orphans' court err in determining that the 2021 Settlement Agreement constituted a release of the claims asserted in [Lori's] petition?" Lori's brief at 2.

The following principles govern our consideration of these issues:

> Our standard of review of the trial court's grant of judgment on the pleadings is *de novo* and our scope of review is plenary. Judgment on the pleadings is properly entered where the pleadings and documents admitted in the pleadings establish that there are no disputed issues of fact and that the defendant is entitled to judgment as a matter of law, or where accepting the well-pleaded factual averments of the plaintiff's complaint as true, the defendant is entitled to judgment as a matter of law.

***Mut. Benefit Ins. Co. v. Koser***, 318 A.3d 937, 940–41 (Pa.Super. 2024) (cleaned up). The tenets of contract law govern interpreting and applying the terms of settlement agreements. When the writing contains an integration clause, parol evidence is not admissible to avoid the clear and unambiguous language of the agreement in the absence of allegations that a term was omitted due to fraud, accident, or mistake. ***See***, ***e.g.***, ***Yocca v. Pittsburgh Steelers Sports, Inc.***, 854 A.2d 425, 437 (Pa. 2004). Where a matter turns upon the construction of a written contract, a determination by the court on a

motion for judgment on the pleadings is proper. *See Sch. Express, Inc. v. Upper Adams Sch. Dist.*, 303 A.3d 186, 198 (Pa.Cmwlth. 2023) (citing *DiAndrea v. Reliance Savings & Loan Association*, 456 A.2d 1066, 1071 (Pa.Super. 1983)).

Upon review of the applicable law, the parties' briefs, and the certified record, we agree with the ruling of the orphans' court that the instant claims are barred by the 2021 Settlement Agreement, and we affirm the dismissal of Lori's petition on the basis of the well-reasoned opinion that Honorable Lois E. Murphy entered on May 5, 2025.

Specifically, viewing the allegations of the pleadings in the light most favorable to Lori, the orphans' court properly construed the unambiguous language of the Settlement Agreement as broadly releasing any and all claims, known and unknown, that existed at the time the agreement was reached, including not only those that had accrued against Eve and Seth, but also contingent claims those that might accrue in the future. **See** Orphans' Court Opinion, 5/5/25, at 4-5. Since Lori executed a fully-integrated contract, she cannot create an issue of fact by asserting that parol evidence would show that her understanding of the scope of the release was different than what the language of the instrument provides. ***Id***. at 6. Lori further acknowledged in the Settlement Agreement that she had received all pertinent information about Chickee's finances, and failed to plead facts suggesting her assent had been procured by accident, mistake, or fraud. ***Id***. at 4.

- 6 -

For these reasons, there was no viable avenue for Lori to obtain the relief she requested. *Accord Yocca*, 854 A.2d at 438. Therefore, we conclude that the orphans' court properly granted the motion for judgment on the pleadings and dismissed her petition, and affirm its order on the basis of its May 5, 2025 opinion, which the parties shall attach hereto in the event of further proceedings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/21/2025

Case# 2022-X2610-25.2.1.3 Received at Montgomery County Register of Wills Office on 05/05/2025 4:11 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, PENNSYLVANIA ORPHANS' COURT DIVISION

## 2022-X2610
## 690 EDA 2025

## IN RE: ESTATE OF CHICKEE YOFFE, DECEASED

## 1925(a) OPINION

**Murphy, A.J.**                                                                                    **May 5, 2025**

## I.    INTRODUCTION

Petitioner, Lori Yoffe, appeals to the Superior Court from this Court's Order dated February 4, 2025, granting Respondents, Eve Rosen and Seth Yoffe's Motion for Judgment on the Pleadings and denying Lori's Petition for damages. For the reasons that follow, including those set forth in its February 4, 2025 Order, incorporated herein, most significant of which is Lori's release and waiver of any and all claims by virtue of her execution of the 2021 Settlement Agreement, as well as her failure to assert meritorious issues for review, the Court's Order should be affirmed.

## II.    STATEMENT OF THE CASE

The parties to the instant proceeding share a history of protracted litigation via related guardianship, trust, and power of attorney actions spanning nearly 8 years over two states. All of the underlying litigation is fairly attributed to Lori's tenacious and unreasonable pursuit of meritless claims.

On October 31, 2024, Lori filed a Petition for damages asserting causes of action for Breach of Contract, Breach of Fiduciary Duty, and Unjust Enrichment arising from a November 14, 1998 letter ("1998 Letter") written by Decedent.[1] The 1998 Letter states as follows:

To my 4 Wonderful Children:

---

[1] Decedent, Chickee Yoffe, died on June 30, 2022.

Case# 2022-X2610-25.2.1.3 Received at Montgomery County Register of Wills Office on 05/05/2025 4:11 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

On 11-9-1998 I gave Eve $75,000 to invest in the Vanguard Index Fund S&P 500. I asked her to give Seth ½ of it to do the same. Seth on 11-14-1998 asked me to put it in writing so there would be no question on Josh's, Lori's mind of the amount & my wishes. I have asked Eve & Seth to split it 4 ways when I go in my cutesy little dress & Chanel #5.
I love you,
mom

Chickee Yoffe.

On November 14, 2024, Respondents filed an Answer and New Matter, asserting a variety of affirmative defenses including, but not limited to release, *res judicata*, law of the case, collateral estoppel, statute of limitations and laches. More specifically, Respondents alleged in their New Matter that, by virtue of her execution of a December 22, 2021 Settlement Agreement ("2021 Settlement Agreement") including a Release, Lori expressly released the claim alleged in her Petition. In her Answer to Respondents' New Matter, Lori admitted executing the 2021 Settlement Agreement, which stated in relevant part:

### Release of Seth, Josh and Eve by Lori.

Except for any claims relating to a breach of the terms contained in this Settlement Agreement, Lori [Yoffe], for herself and her assigns, successors-in-interest, predecessors-in-interest, attorneys, representatives and agents (collectively the "Lori Releasors") hereby releases and discharges all claims, debts, demands, causes of action, suits, damages, obligations, costs, fees, losses, expenses, compensation and liabilities whatsoever, at law or in equity, known or unknown, asserted or unasserted, contingent or accrued, discovered or undiscovered, which occurred or existed at any time from the beginning of time to the date of execution of this Agreement by all parties, that the Lori Releasors have or could have asserted against Josh, Eve or Seth individually . . . .

[2021 Settlement Agreement, p. 5, ¶ 3 (Release)].

Based upon the aforementioned release, Respondents filed a Motion for Judgment on the Pleadings on January 3, 2025. In response, Lori filed a Memorandum of Law in Opposition on January 23, 2024. By Order dated February 4, 2025, and after review of the underlying record

2

which aptly demonstrated no genuine issues of material fact, this Court granted Respondents' Motion, and denied Lori's Petition concluding as follows:

> The 2021 Agreement executed by Lori Yoffe, Seth Yoffe, Josh Yoffe, and Eve Rosen is binding on all of the parties to the Agreement and is enforceable. Specifically, by the express language of the 2021 Agreement, Lori has released and waived any and all claims she could have asserted against any of her siblings, Eve, Seth and/or Josh, individually, whether such claim was "known or unknown, asserted or unasserted, contingent or accrued, discovered or undiscovered." Because the claims asserted in Lori Yoffe's Petition against Seth Yoffe and Eve Rosen, individually, were contingent claims at the time she executed the 2021 Agreement, they are barred by her release therein.

[Order, at p. 7 (2/4/25)].

On March 4, 2025, Lori filed a Notice of Appeal of the Court's above-referenced February 4, 2025 Order.[2] In response to the Court's Pa. R.A.P. 1925(b) request, Lori filed a Statement asserting essentially that:

1. Genuine issues of material fact precluded entry of judgment; and

2. Lori's execution of the 2021 Settlement Agreement did not release and waive her underlying claim against Respondents.

## III.   DISCUSSION

### The Court's February 4, 2025 Order Granting Respondents' Motion for Judgment on the Pleadings Should be Affirmed.

By virtue of her execution of the 2021 Settlement Agreement and express release therein Lori waived and released any and all claims against Respondents. This Court's Order granting

---

[2] Lori failed to serve her Notice of Appeal upon the undersigned. *See* Pa. R.A.P. 906(a)(2) (requiring service and proof thereof upon the undersigned).

3

Respondents' Motion for Judgment on the Pleadings and denying Lori's Petition with prejudice was, therefore, appropriate and should be affirmed.

Pursuant to Pa. O.C. Rule 7.2 "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay the hearing, any party may move for judgment on the pleadings. The Court shall enter such judgment or order as shall be proper on the pleadings." *See also* Pa. R.C.P. 1034.

> When reviewing a decision granting judgment on the pleadings, this Court must accept as true all well-pleaded statements of fact, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed. Judgment on the pleadings will be granted only where the moving party's right to succeed is certain and so free from doubt trial would be a fruitless exercise.

*In re Estate of Blom,* 642 A.2d 498, 501 (Pa. Super. Ct. 1994) (internal citations omitted).

Under Pennsylvania law, a signed release is binding upon the parties and operates as an absolute bar to recovery for everything included in the release. *See Davis ex rel. Davis v. Gov't Employees Ins. Co.,* 775 A.2d 871, 875 (Pa. Super. Ct. 2001). "It is axiomatic that releases are construed in accordance with traditional principles of contract law . . . ." *Id.* (internal citations omitted). Thus, "a release not procured by fraud, duress, or mutual mistake is binding between the parties." *Strickland v. University of Scranton,* 700 A.2d 979, 986 (Pa. Super. Ct.1997).

> Parties with possible claims may settle their differences with each other upon such terms as are suitable to them.... However improvident their agreement may be or **subsequently** prove for either party, their agreement, absent fraud, accident or mutual mistake, is the law of their case.

*Id.* at 875.

Lori's assertions on appeal are unavailing. Lori's bald assertion that she "did not consider the 1998 Letter in entering into the settlement agreement" is insufficient factually and

Case# 2022-X2610-25.2.1.3 Received at Montgomery County Register of Wills Office on 05/05/2025 4:11 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4

Case# 2022-X2610-25.2.1.3 Received at Montgomery County Register of Wills Office on 05/05/2025 4:11 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

legally to merit relief. *See Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436–37 (Pa. 2004) (Parol evidence rule bars consideration of evidence where agreement is fully integrated.) In her 1925(b) Statement, Lori asserts that this Court failed to consider Lori's claim that she did not consider the 1998 Letter when she entered into the Settlement Agreement. However, this does not raise a genuine issue of material fact. Even assuming the fact as alleged by Lori, as we must, that she did not consider the 1998 Letter, in the Settlement Agreement she waived and released all claims. What she considered does not alter the force of the release in the Settlement Agreement. The record amply demonstrates that Lori "released and waived any and all claims she could have asserted against any of her siblings . . . individually, whether or not such claim was known or unknown, asserted or unasserted, contingent or accrued . . . ." Expressly included among the claims that Lori released by virtue of her execution of the 2021 Settlement Agreement was any claim that was then "contingent" upon a future event. Despite acknowledging the broad language of the release, however, and her express release of any contingent claims, Lori strains credulity by arguing that a claim based upon the 1998 letter, which was not ripe before the Decedent's death, cannot be considered to have been a "contingent" claim.

Black's law dictionary defines "contingent" as follows:

> Possible, but not assured; doubtful or uncertain; conditioned upon the occurrence of some future event which is itself uncertain or questionable. Synonymous with provisional. This term, when applied to a use, remainder, devise, bequest, or other legal right or interest, implies that no present interest exists, and that whether such interest or right ever will exist depends upon a future uncertain event.

An interest may be contingent upon the occurrence of a future event, such as the death of a certain individual. Indeed, this is the customary use of the term contingent as applied to a right or interest in property or in an estate or trust. Any claim arising from that 1998 Letter was

Case# 2022-X2610-25.2.1.3 Received at Montgomery County Register of Wills Office on 05/05/2025 4:11 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

accurately characterized as "contingent" as of December 22, 2021 when Lori executed the 2021 Settlement Agreement. Having failed to present any basis in fact or law, Lori's claim for relief fails.

Moreover, the 2021 Settlement Agreement that Lori executed with the advice of legal counsel was also a fully integrated agreement by virtue of the following provisions included therein:

**Entire Agreement.**

This Settlement Agreement embodies and represents the full agreement of the parties hereto, supersedes any and all prior agreements and understandings, if any, relating to the substant hereof between or among any of the parties hereto, except as provided herein, and shall not be modified except in writing executed by or on behalf of all the parties.

It is well-settled that "[w]here the parties . . . have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement." *Yocca,* 854 A.2d at 436. Moreover, "[a]n integration clause which states that a writing is meant to represent the parties' entire agreement is also a clear sign that the writing is meant to be just that and thereby expresses all of the parties' negotiations, conversations, and agreements made prior to its execution." *Id.* Based on Lori's execution of the fully integrated 2021 Settlement Agreement, any claim as to her state of mind or considerations at the time are barred by the parol evidence rule.

Lori also misconstrues the language of the 2021 Settlement Agreement, arguing that the Court's interpretation of its terms would deprive her of a claim against the executor of Decedent's Estate. To the contrary, while the 2021 Settlement Agreement expressly released claims against her siblings "individually," and other specific fiduciaries, it is silent as to claims against Decedent's estate or its personal representative. Nonetheless, any claim as to Decedent's

estate or its personal representative are irrelevant. Not only did Lori expressly concede that the assets sought are non-probate, but Lori's instant Petition is against Respondents in their individual capacities. [Objection, No. 1 (7/2/23)].

In light of all of the aforementioned, most notably, Lori's unequivocal release, her instant claim is precluded. *See Yocca, supra.* ; *see also* Order, at p. 4, (11/2/23); Adjudication, at p. 2 (8/9/24) ("The December 22, 2021 Settlement Agreement and Mutual Release is binding on all of the parties to the Agreement and enforceable . . . .").

Finally, it is well-settled that the Appellate Court may affirm on any basis supported by the record. *See In re Walker,* 208 A.3d 472, 478 (Pa. Super. Ct. 2019) (internal citation omitted).

## IV. CONCLUSION

Accordingly, for all of the aforementioned reasons, this Court respectfully requests that its Order dated February 4, 2025, be AFFIRMED.

BY THE COURT:

LOIS E. MURPHY          A. J.

This Opinion e-filed May 5, 2025.
Copies of the above e-mailed to:
Michael Samuel Simone, Esq./ Eric Wetzel, Esquire
Joseph P. McDonald, Esq.
Thomas Boulden, Esq.

Judicial Assistant

7